## *In re* ORNE, Bankrupt.[*]

(*Circuit Court, E. D. Pennsylvania.* April 28, 1882.)

LANDLORD AND TENANT—EVICTION—SURRENDER—BANKRUPTCY—DAMAGES FOR BREACH OF COVENANT TO PAY RENT.

A lessee, whose goods were under distraint for rent, made an assignment for the benefit of his creditors. The assignee, while disclaiming any interest in the lease, made an arrangement with the lessor by which the distress was withdrawn, he promising to pay the rent then in arrear, and all rent which should accrue during his occupancy of the premises, and to inform the lessor when he would vacate. About two months afterwards he vacated the premises, sending the key to the lessor, and paying the rent up to that day. The lessor thereupon re-entered and rented the premises to other parties for a less rent. *Held*, that there was neither an eviction of the tenant nor a surrender of the lease, and that the lessor was entitled to prove against the lessee's estate in bankruptcy for damages for the breach of the covenant in the lease to pay the subsequently-accruing rent.

Appeal from the order of the district court allowing proof in bankruptcy of the claim of the trustees under the will of Joshua Francis Fisher against the bankrupt's estate.

The facts on which the claim was founded, as reported by the register, Sussex D. Davis, were as follows:

The bankrupts by a written lease rented the store 626 Chestnut street, Philadelphia, from the trustees of Joshua Francis Fisher, deceased, for two years from January 1, 1876, at a yearly rental of $8,500. The lease contained, *inter alia*, the following clauses:

"And the lessees for themselves, their legal representatives and assigns, do hereby covenant and agree with the lessors, their legal representatives and assigns, to promptly pay the rent hereby reserved on the day, and times herein specified. * * *

"Provided always, and these presents are on condition, that the lessees shall faithfully perform said covenants, and on breach of any of them it shall be lawful for the lessors to re-enter on the premises as of their former estate.

---

[*]Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

And it is further expressly-agreed that in case the lessees shall violate any of the covenants herein contained, on their part to be performed, then the lessors shall have the power to terminate this lease, and any attorney in behalf of the lessees may sign an agreement for entering an action of ejectment in any court of competent jurisdiction. * * * No such determination of this lease, or taking or recovering possession of the premises, shall deprive the lessors of any action for rent or for damages for the breach of any covenant herein contained. * * *"

On October 23, 1876, the bankrupts made a voluntary assignment, for the benefit of creditors, to Robert Dornan, of the city of Philadelphia, who accepted the duties of his position as such assignee, and proceeded to take possession of the stock in trade (carpets) of the said Orne, at the same time disclaiming any interest in said lease. The assignee found said stock of goods in the store, at No. 626 Chestnut street, under a distress laid by the lessors for rent in arrear, and a constable in possession. An arrangement was then made by him with the lessors, by which it was agreed that the distress should be withdrawn, he promising to pay the rent then in arrear, and all rent which should accrue during his occupancy of the premises. This arrangement was carried out, and on or about December 12, 1876, in accordance with a previous agreement that he should inform the lessors when he would vacate, he sent the keys of the premises to J. Warner Erwin, the agent of the lessors, at the same time paying the rent up to that day, as though it accrued from day to day.

The lessors thereupon rented the premises to other tenants at a lower rental. Subsequently, the lessees having been adjudicated bankrupts, the lessors presented the present claim against the estate, claiming as damages, for the breach of covenant to pay rent, the rent accruing after the assignee vacated, less the sums received from the new tenants. To this claim the assignee in bankruptcy objected, on the grounds that there had been no breach of covenant when the lessors re-entered; that the assignee, not having accepted the lease, could not authorize the lessors to relet; and that the entry of the lessors, and their reletting of the premises to other parties, was an eviction.

The register, after considering the question whether the claim for damages was provable in bankruptcy, and deciding upon the authority of *Ex parte Houghton*, 1 Low. 554, and *Ex Parte Lake*, 2 Low. 544, that it was, overruled the objections and sustained the claim, and his report was sustained by the district court. From the order of the district court the assignee in bankruptcy took this appeal.

*R. P. White*, for assignee.

*George Biddle*, for landlord.

McKennan, C. J. The argument of appellant's counsel is ingenious and impressive, and if his premises are conceded, his conclusions cannot be gainsaid. If the lease between Orne and Fisher's trustees was surrendered, with intent to terminate it, the trustees could not assert any claim for a subsequent alleged breach of it, for the obvi-

ous reason that a contract, canceled by agreement of the parties, ceases to exist thereafter, and is not susceptible of any breach. And so, if the trustees evicted their tenant, their right to demand and recover rent from him was thereby suspended. But there was neither an eviction of the tenant nor a surrender of the lease. Practically there was an abandonment of the leased premises by the tenant. He was in default for rent accrued, confessedly became insolvent and unable to pay the rent as it might fall due, and transferred his leasehold interest, and the possession of the leased premises, to his assignee. The assignee went into possession, paid the rent in arrear under the constraint of a distress warrant, retained possession for about two months, paying the rent for that period, but declined to accept the lease, and then sent the keys of the premises to the landlord, by whom they were accepted, and to whom one week's notice of an intention to vacate the premises had been given, in pursuance of an understanding to that effect.

Now the fair import of these circumstances is that the tenant did not intend to keep the premises, or to pay the accruing rent, or to observe his covenant, and that he actually vacated and abandoned the premises without the consent of the landlord. Certainly the landlord did not agree to a termination of the lease, and it is clear to me that his acts do not warrant such an implication. In such an emergency he was not bound to stand listlessly by, and thus expose his property to the peril of dilapidation and injury, but in the interest of both parties he might resume possession of it, take proper care of it, and manage it for the benefit of his defaulting tenant. This is what he did do, and he cannot, therefore, be held to have intended to absolve his tenant from the obligation of his covenant, and from liability for damages resulting from his breach of it.

I am therefore of the opinion that proof of damages, measured by the amount of the rent which the tenant covenanted to pay for the remainder of the term, less the sums received by the trustees for intermediate leases to others, was properly allowed, and that this appeal must be dismissed with costs, and it is so ordered.