MOCH v. MARKET ST. NAT. BANK.

In re GERSON.

(Circuit Court of Appeals, Third Circuit. April 22, 1901.)

No. 12.

BANKRUPTCY — CLAIMS PROVABLE — LIABILITY AS INDORSER OF COMMERCIAL PAPER.

The liability of a bankrupt indorser of commercial paper, which did not become absolute till after the filing of the petition, is a debt, within Bankr. Act 1898, § 63, subd. 4, which enumerates debts on contracts, express or implied, among those provable in bankruptcy; and it may be proved against his estate after such liability has become fixed, and within the time limited for proving claims.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

Jos. L. Greenwald, for appellant.

Julius Levi, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. The question presented by this appeal is whether the liability of a bankrupt indorser of commercial paper, whose liability did not become absolute until after the filing of the petition in bankruptcy, may be proved against his estate after such liability has become fixed, and within the time limited for proving claims. By the first section of the bankrupt law,—the act of July 1, 1898,—it is declared that the word "debt," as used in the act, shall include "any debt, demand, or claim provable in bankruptcy." Section 63 declares what debts of the bankrupt may be proved and allowed against his estate, and ranges the provable debts in five subdivisions, numbered from 1 to 5, inclusive. For present purposes we need quote only two of those subdivisions, namely:

"(1) A fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest;" "(4) founded upon an open account, or upon a contract express or implied."

Clearly the liability of an indorser is within the very words of this fourth subdivision. As was said by the supreme court in Martin v. Cole, 104 U. S. 30, 37, 26 L. Ed. 647, the contract created by the indorsement of commercial paper is an "express contract," and "its terms are certain, fixed, and definite." The indorser's engagement is to pay a sum certain at a fixed date. to wit, the amount of the bill or note at its maturity, if it is not paid upon due presentment by the

party primarily liable, upon due notice of its dishonor being given to the indorser. If it can be affirmed that such an unmatured liability is not a "debt," in a technical sense, certainly it is a "demand" or "claim," and comes, it seems to us, within the scope of the fourth subdivision of section 63 of the act. The primary purpose of the bankrupt act was to relieve insolvent debtors from their pecuniary liabilities, and to secure ratable distribution of their estates among their creditors. It is not, then, to be lightly believed that congress intended to exclude from the operation and benefits of the act unmatured indorsements of commercial paper, which in every commercial community so often constitute a large proportion of the indebtedness of failing debtors. Of course, if not provable, such liabilities are not discharged. Now, a construction leading to results so foreign to the general purpose of the law is not to be adopted unless plainly required by the language of the act. We cannot see that such an interpretation is demanded by anything contained in the act. The first and fourth subdivisions of section 63 are distinct provisions, and are, we think, independent of each other. We are unable to agree to the proposition that subdivision 1 qualifies, and is to be carried down and read into, subdivision 4. On the face of the act they are distinct. Moreover, reasonable effect can be given to both by treating them as separate and independent clauses. There are well-known instruments —for example, surety bonds—under which the liability is contingent on future defaults, and where the amount of liability is wholly uncertain, depending on the nature of the default. To instruments of this character, where the liability is remote and is uncertain in amount and otherwise, subdivision 1 is fairly referable; but we think, with the court below, that the contract created by the indorsement of commercial paper is not governed by that subdivision, but falls within subdivision 4, which embraces debts, claims, or demands founded upon contracts, express or implied. Accordingly the order of the district court allowing the claim of the Market Street National Bank against the estate of the bankrupt, Joel J. Gerson, is affirmed.