### In re ROTHENBERG.

#### (District Court, S. D. New York. November 2, 1905.)

BANKRUPTCY—PETITIONERS IN INVOLUNTARY PROCEEDINGS—PROVABLE CLAIMS.

    The owner of a note not yet due, indorsed by an alleged bankrupt, holds a provable claim against him, within the meaning of Bankr. Act July 1, 1898, c. 541, § 59, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3445], and may join in a petition to have him adjudged an involuntary bankrupt; the fact that the claim is not allowable until the maturity of the note being immaterial.

In Bankruptcy. On demurrer to involuntary petition.

Charles L. Greenhall, for bankrupt.

Leonard Bronner, for petitioning creditors.

HOLT, District Judge. This is a demurrer to an involuntary petition. The question involved is whether the owner of a note not yet due, indorsed by the alleged bankrupt, holds a provable debt, upon which he could join in a petition. It is claimed that this is a contingent liability, and not a provable debt, within the meaning of section 59 (Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3445]). I think that it is a debt which is technically provable, but which cannot be allowed until, upon the maturity of the note, the liability of the indorser is fixed. This was originally the English practice, and substantially the practice under the act of 1867. Lowell on Bankruptcy, § 168. It is the practice under the present act. Re Gerson, 5 Am. Bankr. Rep. 89, 105 Fed. 891; Id., 6 Am. Bankr. R. 11, 107 Fed. 897, 47 C. C. A. 49; Re Hornstein (D. C.) 122 Fed. 266. Under the act of 1867 the holder of such a contingent claim could not be a petitioning creditor. Lowell on Bankruptcy, § 168. But I think under the present act the simple test is whether the claim is a provable claim. The fact that it is not yet allowable is immaterial.

Demurrer overruled, with leave to answer in five days on payment of costs.