In re SMITH.

(District Court, D. Rhode Island. July 18, 1906.)

No. 574.

1. BANKRUPTCY—PROVABLE CLAIMS—CONSTRUCTION OF ACT.

The several subdivisions of Bankr. Act July 1, 1898, c. 541, § 63a, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447], are not to be regarded as an enumeration of a group of characteristics all of which are essential to a provable claim, but as a classification, each specifying a separate class of provable claims independently of the others, and the provision of subdivision 1, limiting the claims provable thereunder to those which were a fixed liability absolutely owing at the time of the filing of the petition, does not impose the same limitation upon claims within other classes.

2. SAME—CONTINGENT LIABILITIES—INDORSER OF COMMERCIAL PAPER.

The liability of a bankrupt indorser on commercial paper which did not become absolute until after the filing of the petition is a debt founded upon a contract within Bankr. Act July 1, 1898, c. 541, § 63a (4), 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447], and provable in bankruptcy thereunder after such liability has become fixed and within the time limited for proving claims.

In Bankruptcy. On petition for review of order of referee disallowing the claim of the Union Trust Company.

Bassett & Raymond, for Union Trust Company.

BROWN, District Judge. The Union Trust Company held trade paper which had been endorsed by the bankrupt, and discounted for the bankrupt by the Union Trust Company before the adjudication. The notes did not become due until after the date of adjudication. At the date of proof, however, the notes had all matured, and the liability of the bankrupt as indorser had been duly fixed by default of the maker and protest. The date of filling the petition and of adjudication was February 16, 1906. The date of filing the proof of claim was May 22, 1906. The referee found that none of the notes was provable against the bankrupt's estate, on the ground that the liability was not fixed, and the claim not absolutely due and owing at the

date of adjudication. His opinion cites the opinions of referees in Chambers, Calder & Co., 2 Nat. Bankr. N., 864; In re Marks & Garson, 6 Am. Bankr. Rep., 641, and In re Dunnigan, 2 Nat. Bankr. N. 755, as stating the true construction of the law.

I am of the opinion that the weight of judicial authority is to the contrary, and that the above cited decisions proceed upon an erroneous interpretation of Section 63, Bankr. Act of July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447]. This section reads as follows:

"Sec. 63. Debts which may be Proved.—(a) Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest; (2) due as costs taxable against an involuntary bankrupt who was at the time of the filing of the petition against him plaintiff in a cause of action which would pass to the trustee and which the trustee declines to prosecute after notice; (3) founded upon a claim for taxable costs incurred in good faith by a creditor before the filing of the petition in an action to recover a provable debt; (4) founded upon an open account, or upon a contract express or implied; and (5) founded upon provable debts reduced to judgments after the filing of the petition and before the consideration of the bankrupt's application for a discharge, less costs incurred and interest accrued after the filing of the petition and up to the time of the entry of such judgments.

"(b) Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against his estate."

The claims in question are clearly within the terms of subdivision 4. This was the view of the learned judge in Re Gerson (D. C.) 105 Fed. 891, affirmed by the Circuit Court of Appeals for the Third Circuit in Moch v. Market Street National Bank, 107 Fed. 897, 47 C. C. A. 49. The latter case was cited in the opinion of the Supreme Court in Dunbar v. Dunbar, 190 U. S. 340, 350, 351, 23 Sup. Ct. 757, 47 L. Ed. 1084. While Moch v. Market Street National Bank was neither approved nor disapproved, the opinion of the Supreme Court points out the precise point decided; i. e., that under section 63a, subd. 4, the creditor might prove against the estate of the bankrupt after the liability had become fixed. Moreover, it may be fair to say that the course of reasoning, wherein distinctions are made between classes of contingent claims, would hardly have been necessary had the Supreme Court been of the opinion that, upon a proper construction of section 63, all claims which had been contingent at the time of filing the petition were excluded from allowance, though no longer contingent at the date of proof. See, also, In re Rothenberg (D. C.) 140 Fed. 798; Collier on Bankruptcy (5th Ed.) pp. 484, 489.

But, aside from authority, and upon an independent reading of section 63, I am of the opinion that neither grammatical nor logical reasons require that subdivision 4 shall be limited by subdivision 1. It is very clear that subdivisions 1, 2, 3, 4, and 5 are not to be regarded as an enumeration of a group of characteristics, all of which are

essential to a provable claim. On the contrary, the subdivisions specify separate classes of provable claims. It is a classification.

In Wetmore v. Markoe, 196 U. S. 68, 72, 25 Sup. Ct. 172, 49 L. Ed. 390, it was said:

"While this section enumerates under separate paragraphs, the kind and character of claims to be proved and allowed in bankruptcy, the classification is only a means of describing debts of the bankrupt which may be proved and allowed against his estate."

It is argued that, because subdivision 1 specifies a fixed liability absolutely owing, it excludes all liabilites which were contingent at the time of filing the petition from proof under other subdivisions. The logical fault is obvious. While contingent liabilities are excluded from class 1 (defined by subdivision 1), it does not at all follow that liabilities now or formerly contingent are excluded from other distinct classes. The specification of certain characteristics for class 1, is no indication that cases comprehended in other classes may not have entirely different characteristics. Assuming that, so long as it is uncertain whether a contract or engagement will ever give rise to an actual liability, and that so long as the demand is contingent, it is not provable, it by no means follows that a demand which has ceased to be contingent before proof should be rejected because it had been contingent before the date of filing the petition. While the language, "Debts of the bankrupt * * * which are * * * founded upon an open account, or upon a contract express or implied" may not include contingent obligations, it does include obligations no longer contingent, though they were contingent at the date of filing the petition.

In the opinion in Re Marks & Garson, 6 Am. Bankr. Rep. 641, 644, it is suggested that the bankruptcy acts of 1867, 1841, and 1800 contained special provisions concerning contingent liabilities, and that the present act contains no similar provisions, and is entirely silent upon that subject. It is argued, from the assumed omission, that it was intended to exclude altogether, contingent liabilities. This argument, as it seems to me, loses sight of the fact that in subdivision 4 express language is used which is broad enough to comprehend liabilities which mature by the happening of a contingency after the date of adjudication. Looking to the substance of the matter, there seems to be no reason why, when the liability has been fixed by default and by protest, so that it no longer remains uncertain, the creditor should not have his share of the assets, and the bankrupt be relieved from further liability.

It has been argued that the only reasonable construction which can be given to subdivision 4 of section 63 is that it refers to claims upon which a right of action has accrued at the time of the filing of the petition, and that to construe it as permitting proof of contingent claims is to make subdivision 1 superfluous and useless. It is to be observed, however, that the claims here in question, when proved, were no longer contingent; they had become present liabilities through the fact of nonpayment and protest. There is no necessary inconsistency between a class which includes and provides for liabilities absolutely owing at the time of filing the petition, whether then payable or not, and a class

of liabilities which includes debts which mature after the time ·of filing the petition. It does not follow, because contingent liabilities are excluded from the first group of the classification, that liabilities founded upon express contracts, and which are no longer contingent at the date of proof of such liabilities, are not included within subdivision 4. It does not involve logical inconsistency to hold that subdivision 4 comprehends claims which are expressly excluded from subdivision 1, or even to hold that subdivision 4 includes claims contained within subdivision 1, as well as many others. A series of broadening classes is not unusual, and inclusion of a smaller class in a broader class is not inconsistency.

The Circuit Court of Appeals, in Moch v. Market Street National Bank, supra, was of the opinion that reasonable effect can be given to both subdivisions by treating them as separate, independent clauses. The possibility that some inconsistency or confusion may arise from a conflict between the classifications of section 63a does not seem a sufficient reason for excluding claims which are fixed liabilities of the bankrupt at the date of proof, and which are presented for proof within the time fixed by statute. The proceeds of the paper discounted may have become a part of the· bankrupt estate. It would certainly be a hardship if a bankrupt were permitted to discount paper at a bank, go into bankruptcy, and distribute the proceeds of the discount to creditors whose claims are no more meritorious than that of the bank which had discounted the trade paper upon the faith of the endorser.

I am of the opinion that, both upon authority and upon a fair view of the subject-matter, the act should receive such a construction as permits the proof of claims of this character, and a discharge of the bankrupt from liability upon such claims. It is true that to wait for the happening of a contingency may result in some delay in the distribution of dividends; but the period within which proof can be made is limited by statute to one year, and the great bulk of trade paper is short time paper. Probably less hardship will result from allowing claims of this class than from disallowing them; but, however that may be, I am of the opinion that there is no proper rule of construction by which the limitations of subdivision 1 can be transferred to subdivision 4.

The order of the referee, disallowing the claim of the Union Trust Company, is reversed, and said claim may be allowed.