## In re JAMES DUNLAP CARPET CO.

(District Court, E. D. Pennsylvania. July 31, 1908.)

### No. 2,741.

BANKRUPTCY—PROVABLE DEBTS—CONTINGENT LIABILITY.

> A contract liability of a bankrupt, which was contingent at the time the petition was filed, but became definite and capable of liquidation within the year allowed for making proof, is provable against the estate under Bankr. Act July 1, 1898, c. 541, § 63a(4), 30 Stat. 562 (U. S. Comp. St. 1901, p. 3447).

In Bankruptcy. On certificate of referee concerning claim of Peter J. Brady.

John J. Foulkrod, Jr., for trustees.
Edw. E. Mercelis, for claimant.

J. B. McPHERSON, District Judge. The question for determination appears from the following certificate of the referee:

"That on the 30th day of March, 1907, the James Dunlap Carpet Company was adjudicated an involuntary bankrupt, and the matter was referred to the undersigned as the referee in the cause.

"That in the course of the proceedings before him a claim was filed against the estate of said company by Peter J. Brady in the sum of $1,713.72, founded upon an oral contract.

"That said claim was objected to by the trustees in bankruptcy, who asked that 'formal proof of facts alleged in the said claim be made before said claim shall be allowed.'

"That a hearing was had in the matter of said claim and objection thereto, at which hearing counsel on behalf of trustees and counsel on behalf of said claimant were present. That after consideration of the evidence produced and the argument of counsel, the referee made an order on April 6, 1908, disallowing said claim.

"That within 10 days after the making of said order, to wit, on the 16th day of April, 1908, the said claimant filed a petition praying that said order be certified to your honorable court for review.

"That pursuant to said petition for review the following is respectfully submitted:

"Facts.

"The said Brady resides at No. 180 McDonough street in the borough of Brooklyn, city of New York.

"Upon hearing before the referee it was agreed by counsel that in lieu of taking testimony by commission to New York, the affidavit of the claimant should be evidence of the facts required to be testified to by the claimant in order to liquidate his claim under section 63, subdivision 'b,' of the Bankruptcy Act. Act July 1, 1898, c. 541, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3447).

"The said affidavit sets forth that prior to September, 1905, he (the said claimant) was employed by the above-named bankrupt as a salesman upon a commission. At that time the New York office was in charge of a Mr. Mc-Reynolds, who was employed at a salary of $6,000 a year, and claimant was under his supervision. In September, or early in October, of that year, James

Dunlap, president of the above-named bankrupt company, requested deponent to go to Philadelphia, and in the interview that followed stated to the deponent that the arrangement with Mr. McReynolds was not satisfactory, and would be terminated at the expiration of the year for which he was employed, which would be November 1, 1905. That he then asked deponent if he would take charge of the sales office in New York for the year beginning November 1, 1905. That Dunlap then said that the salary would be $2,500 per year, payable monthly, and that if the year was prosperous deponent would also be paid a commission, in addition to his salary. That Dunlap said he would not fix the amount of such commission, but that deponent could trust him to do what was right about it. That deponent replied that he would be glad to accept the offer, and Dunlap concluded the interview by remarking: 'Then you are engaged for the year.' That deponent then entered upon and continued in such employment for the full year for which he was engaged as aforesaid, and in or about the month of October, 1906, before said year expired, he went to Philadelphia and had an interview with James Dunlap in which the results of the year then ending were discussed, and Dunlap then said that the year had not been entirely satisfactory, and he could not afford to pay any commission, but that he would renew the contract for another year on the same terms. That deponent replied that he felt the business could be increased, and that he was satisfied Dunlap would do what was right, and that he (deponent) was willing to continue the arrangement for another year."

The referee rejected the claim on the ground that it was purely contingent, and therefore, at the time of the filing of the petition in bankruptcy, there was no fixed liability absolutely owing, as required by section 63a. With this order I feel obliged to disagree. In my opinion the claim is supported by the decision of the Circuit Court of Appeals of the Third Circuit in Moch v. Market St. Nat. Bank, 107 Fed. 897, 47 C. C. A. 49. In that case the claim rested upon the bankrupt's liability as indorser of commercial paper held by the claimant. The paper fell due after the petition in bankruptcy was filed, and thereupon the claim was admitted to proof within the prescribed year. This action of the court below was sustained by the Court of Appeals, although the liability was contingent at the time when the petition was filed; the provability of the claim being put by the Court of Appeals upon clause 4 of section 63. Substantially that appears to be the situation in the case now under consideration. It may be assumed that Brady's claim was contingent when the petition against the carpet company was filed, but, as the claim became definite and capable of liquidation within the year, it appears to fall directly within the ruling in Moch v. Bank. It is undeniable that claims may exist of such a character as to be incapable of liquidation, either at any time or within the year prescribed by the statute. Concerning such claims I have nothing to say now. The present decision is confined to a situation where the claim, although originally contingent, becomes capable of liquidation within the prescribed period.

The order of the referee is reversed, and he is directed to receive further testimony, if any shall be offered, in liquidation of the claim.