COHEN v. PECHARSKY.

(Supreme Court, Appellate Term. March 10, 1910.)

1. BANKRUPTCY (§ 421*)—DISCHARGE—NOTES.

A note dated two days subsequent to a petition in bankruptcy, and not shown to be for a previous indebtedness, is not discharged by the discharge of the maker in the bankruptcy proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 421.*]

2. BANKRUPTCY (§ 421*)—PROVABLE CLAIMS—CONTINGENT LIABILITY—ACCOMMODATION INDORSER—"DEBT ON A CONTRACT EXPRESS OR IMPLIED."

The contingent liability of an accommodation indorser on a note falling due after a petition in bankruptcy, but before time for the filing of proof of claims, is a provable "debt on a contract express or implied," under Bankr. Act July 1, 1898, c. 541, § 63a4, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447); and hence, though not proved, is discharged by the discharge of the indorser in the bankruptcy proceedings, under section 17.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 421.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Joseph Cohen against Moses Pecharsky. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Kuck & Goodman, for appellant.
Louis Levene, for respondent.

WHITNEY, J. This is an action against the defendant as the maker of three promissory notes and accommodation indorser of a fourth. The only serious defense is the discharge of the defendant in a bankruptcy proceeding commenced by petition filed April 14, 1904. Two of the notes of which he was the maker were made prior to that date, and there is no serious doubt that as to those he was discharged.

The third, however, is dated April 16th, two days after the petition was filed. There is no evidence that it represented an indebtedness previously existing. Hence as to this note he was not discharged.

The note upon which defendant was accommodation indorser was given prior to the filing of the petition, but it did not fall due until thereafter. It was, therefore, at the time of filing the petition, merely a contingent liability. Whether the contingent liabilities of a bankrupt are provable under the present law was at first a matter of dispute, and there were several decisions holding that they were not provable. These decisions were afterwards overruled, and it is now well settled that the holder of a note indorsed by the bankrupt, although it fall due after the filing of the petition, but within the time allowed for the filing of proofs of claim, may prove it against the estate, and have it allowed in case the contingent liability, upon the due date of the note, becomes an actual liability. Although the present bankruptcy law does not expressly provide that contingent claims are provable, as did the laws of 1841 and 1867, nevertheless such a liability is held to be a debt "upon a contract express or implied," under section 63a4 (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]). Moch v. Market Street National Bank, 107 Fed. 897, 47 C. C. A. 49; In re Philip Semmer Glass Co., 135 Fed. 77, 67 C. C. A. 551. The reasoning is fully set forth by Brown, J., in Re Smith (D. C.) 146 Fed. 923. Hence this note was provable; and therefore, although it was not actually proved, it had been discharged by section 17 of the law.

Since, however, judgment was entered for the defendant upon all four notes, it should be reversed, and a new trial ordered, with costs to abide the event. All concur.