## In re CALORIS MFG. CO.

### (District Court, E. D. Pennsylvania, W. D. May 21, 1910.)

### No. 3,496.

BANKRUPTCY (§ 318*)—ADMINISTRATION OF ESTATE—ALLOWANCE OF CLAIMS.

Where a claimant leased premises to a bankrupt for a term of years from June 1st, and bankrupt paid rent for June, but the petition in bankruptcy was filed June 15th, and an adjudication followed on July 2d, and no other payment was made, but the property was leased August 5th at a lower rent, the claim for the difference between the amount of rent for the two terms, not being a fixed liability due at the time of the petition, so as to be provable under Bankr. Act July 1, 1898, c. 541, § 63a (1), 30 Stat. 562 (U. S. Comp. St. 1901, p. 3447), is nevertheless provable under section 63a (4) as a claim upon an open account, or on a contract, express or implied, having become liquidated within a year after the petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 482; Dec. Dig. § 318.*]

In the matter of the bankruptcy of the Caloris Manufacturing Company. Heard on certificate of referee disallowing claim of landlord. Order of referee reversed, with directions to allow the claim.

Walter H. Bond (of the New York bar), for claimant.
Henry C. Thompson, Jr., for trustee.

J. B. McPHERSON, District Judge. In March, 1909, the claimant, the 503 Fifth Avenue Company, leased certain premises in New York City to the bankrupt for four years and five months from June 1, 1909, at the rate of $4,500 per annum. On May 27th the bankrupt offered to surrender the lease, but the landlord refused to accept it. On May 28th the bankrupt authorized the landlord to sublet the

premises, and an earnest effort was immediately made to secure another tenant, but without success until August 5th, when another tenant was obtained at the lower rent of $3,200 per annum. The bankrupt paid the rent for June, but as the petition in bankruptcy was filed against it on June 15th, and an adjudication followed on July 2d, no other payment was made. Clause 29 of the lease is as follows:

"That if the premises shall at any time become vacant, or if any rent, or any other sum herein agreed to be paid by the tenant, shall be due or unpaid, or if default shall be made in the performance of any other term or condition herein mentioned and reserved to be performed by the tenant, agents, or servants, then and in such event it shall be lawful for the landlord to terminate this lease and to re-enter the said premises and remove all persons therefrom, or to obtain possession of the premises by summary proceedings or otherwise; and after obtaining possession of such premises the landlord shall relet the same or any part thereof for the whole or any part of the term from time to time, as it may deem best; and in the event that the landlord shall obtain possession by re-entry, dispossess, summary proceedings, or otherwise, the tenant hereby agrees to pay the landlord the expense incurred by the landlord in obtaining possession of said premises, including legal expenses and attorney's fees, and to pay such other expenses as the landlord may incur in putting the premises in good order and condition, and also any other expense or commissions which may be paid by the landlord in and about the letting of the same; and the tenant further agrees to pay each month to the landlord the difference between the amount to be paid as rent as herein reserved, and the amount of rent which shall be collected and received from the demised premises for such month during the residue of the term herein provided remaining after the taking possession by the landlord, and the overplus, if any, at the termination of the period herein provided for shall be paid to the tenant."

The claimant filed its proof of debt on February 23, 1910, for $6,166.67; this being the difference between the amount of rent for the two terms. The referee disallowed the claim on the authority of Re Roth and Appel (D. C.) 174 Fed. 64, and the decision undoubtedly sustains his position. I cordially agree with Judge Hough that the conflicting decisions on this subject are in a state of "hopeless confusion," and that an authoritative decision is much to be desired. Certainly, neither he nor I can give it, and it will probably need the intervention of the Supreme Court before the inferior tribunals will know what rule to obey. Meanwhile, however, I think the principle of Moch v. Market Street Bank, 107 Fed. 897, 47 C. C. A. 49, governs the District Courts of this circuit, and requires them to hold that, even although the landlord's claim in the present case was not a fixed liability under Bankr. Act July 1, 1898, c. 541, § 63a (1), 30 Stat. 562 (U. S. Comp. St. 1901, p. 3447), when the petition was filed, it was liquidated within the year, and thus became provable as a claim founded upon a contract express or implied, under section 63a (4). The Case of Moch was followed in Re Dunlop Carpet Co. (D. C.) 163 Fed. 541, and I shall adhere to that ruling until its error is definitely established.

The careful brief of counsel for the claimant contains the following additional references, which may be added for the sake of convenience: Re Smith (D. C.) 146 Fed. 923; People v. St. Nicholas Bank, 151 N. Y. 592, 45 N. E. 1129; Id., 3 App. Div. 544, 38 N. Y. Supp.

.379; Re Collignon (D. C.) 4 Am. Bankr. Rep. 250; Martin v. Orgain, 174 Fed. 772, 98 C. C. A. 246; Re Orne (C. C.) 12 Fed. 779; Llynri Coal & Iron Co., L. R. 7 Chan. App. 28.

The order of the referee is reversed, and he is directed to allow the claim.