In re KEITH-GARA CO.

(District Court, E. D. Pennsylvania. March 13, 1913.)

No. 4,579.

BANKRUPTCY (§ 350*)—CLAIMS—PRIORITY—"DEBT OWING TO ANY PERSON"— "DEBT."

Where a lease of real property in Pennsylvania by a bankrupt contained a provision that, if the lessee became a bankrupt, the whole rent for any unexpired portion of the term should be at once due and payable, and be first paid out of the proceeds of any sale of the tenant's assets, etc., which provision was valid under the Pennsylvania law, and effective to give the landlord a priority of payment, the landlord's claim for unaccrued rent on the bankruptcy of his tenant became a "debt owing to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

any person," within Bankr. Act July 1, 1898, c. 541, § 64b(5), 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), providing that priority shall be given to debts owing to any person who by the laws of the state or the United States is entitled to priority; the term "debt" being defined by the act to include "any debt, demand or claim provable in bankruptcy."

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 537; Dec. Dig. § 350.*

For other definitions, see Words and Phrases, vol. 2, pp. 1864–1886; vol. 8, p. 7268.]

In Bankruptcy. In the matter of bankruptcy proceedings of the Keith-Gara Company. On certificate of a referee presenting for review an order allowing a landlord's claim for priority in the payment of rent. Affirmed.

Henry T. Dechert, of Philadelphia, Pa., for claimant.

Benjamin H. Ludlow and Humbert B. Powell, both of Philadelphia, Pa., for trustee.

J. B. McPHERSON, Circuit Judge. The order now under review allowed a landlord's claim for priority in the payment of rent. By agreement of counsel the amount claimed before the referee has since been reduced to $515.60; this being the sum that would have been due for the period from December 23, 1912, to March 31, 1913, if the bankrupt had continued to occupy the premises under the lease. The relevant facts are as follows: The adjudication was entered November 6, 1912, upon a voluntary petition. At that time the bankrupt was a tenant of the claimant under a year to year lease that would expire on March 31, 1913. The trustee continued the occupation and paid the rent for a few weeks, and on December 22d offered to surrender the premises, but the landlord refused the offer and has not yet (March 13, 1913) retaken possession. The bankrupt's goods on the premises—which, of course, were liable to distress—were sold by the receiver (who afterwards became the trustee) and produced a larger fund than is needed to pay the landlord's claim in full. The rent was payable in advance on the 1st day of each month, and confessedly one month's rent at least was due when the adjudication was entered. But the trustee paid the actual arrears in full, and, as he has also paid all that became due for use and occupation up to December 22d, the only question for decision is whether priority should be allowed for the remainder of the unexpired term. The landlord asserts that by virtue of the following provision in the lease the rent, not only for one month, but also for the remainder of the term, had become due at the date of adjudication and (being for a shorter period than one year) was entitled to priority under the Pennsylvania law:

"If the lessee shall become embarrassed, make an assignment for the benefit of creditors, commit an act of bankruptcy, become bankrupt, or be sold out by sheriff's sale, or under any other compulsory procedure, or order of court, then the whole rent for any unexpired portion of the term of this lease, or any continuance thereof, shall at once become due and payable as if by the terms of this lease it were payable in advance, and shall be first paid out of the proceeds of any such assignment, sale or procedure, any law, usage, or custom to the contrary notwithstanding."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This contention is fully supported by the decisions of the Supreme Court of Pennsylvania. In Platt v. Johnson, 168 Pa. 47, 31 Atl. 935, 47 Am. St. Rep. 877 (a case that is recognized in Teufel v. Rowan, 179 Pa. 408, 36 Atl. 224), that court holds as follows:

"A stipulation in a lease for years that if the lessee shall become embarrassed, or make an assignment for the benefit of creditors, or be sold out by sheriff's sale, the whole rent for the balance of the term shall become due and payable in advance of other claims, is not against public policy, and will be sustained in favor of the landlord on a distribution of the proceeds of a sheriff's sale of the lessee's property, to the extent of giving the landlord priority for one year's rent."

If, therefore, the landlord's claim to priority depended solely upon the law of Pennsylvania, nothing more would be needed. But, of course, it remains to consider whether the Bankruptcy Act forbids the application of the Pennsylvania law; for the act is supreme in its own field, and where its provisions conflict with the laws of a state these laws must give way. In our opinion, however, the Bankruptcy Act is not only not in conflict with the law of Pennsylvania on this point, but is in harmony therewith. Section 64b(5) provides that among the debts to have "priority, shall be * * * (5) debts owing to any person who, by the laws of the state or the United States, is entitled to priority." If, then, the landlord's claim now in dispute is a "debt owing to any person," the question must be answered in the landlord's favor. Now, a "debt" is defined by the act to mean "any debt, demand, or claim provable in bankruptcy"; and the question, therefore, may be stated in this form: Is the foregoing claim to priority provable in bankruptcy? At this point the decisions diverge and cannot be reconciled. Some courts hold that a landlord's claim under such a provision in the lease is essentially contingent, and therefore is incapable of proof. Roth & Appel, In re, 24 Am. Bankr. Rep. 588, 181 Fed. 667, 104 C. C. A. 649; Shapiro v. Thompson, 24 Am. Bankr. Rep. 91, 160 Ala. 363, 49 South. 391; Re Collignon (D. C.) 4 Am. Bankr. Rep. 250. While other courts permit the claim to be proved, holding that section 63a(4) is broad enough to cover it. Moch v. Bank, 6 Am. Bankr. Rep. 11, 107 Fed. 897, 47 C. C. A. 49; Martin v. Orgain, 23 Am. Bankr. Rep. 454, 174 Fed. 772, 98 C. C. A. 246; Re Gerson (D. C.) 5 Am. Bankr. Rep. 89, 105 Fed. 891; Re Orne (C. C.) 12 Fed. 779; Re Smith (D. C.) 17 Am. Bankr. Rep. 112, 146 Fed. 923; Re Pittsburgh Drug Co. (D. C.) 20 Am. Bankr. Rep. 227, 164 Fed. 482; Re Dunlap Co. (D. C.) 20 Am. Bankr. Rep. 882, 163 Fed. 541; Re Caloris Co. (D. C.) 24 Am. Bankr. Rep. 609, 179 Fed. 722. In this circuit, as I think, the latter opinion has been more frequently followed, although dissatisfaction is apparent now and then. Wilson v. Trust Co., 52 C. C. A. 374, 114 Fed. 742; Winfield Mfg. Co. (D. C.) 140 Fed. 185. Of course, if a landlord retakes possession of the property, his right to claim priority can no longer be enforced. Wilson v. Trust Co., supra; Re Herrick (C. C. A.) 200 Fed. 50; Re Winfield Mfg. Co. (D. C.) 137 Fed. 984.

In the present case, therefore, following what I understand to be the prevailing current of decision, I hold that when the adjudication was entered the landlord had a valid provable claim for the remaining

portion of the term, that he did not destroy or impair his claim by resuming possession of the premises, and that under the Pennsylvania law he is entitled to priority of payment for the period referred to.

The order of the referee is affirmed.