LUDLOW v. PUGH.

In re KEITH–GARA CO.

(Circuit Court of Appeals, Third Circuit. April 2, 1914.)

No. 1785.

BANKRUPTCY (§ 350*)—DEBTS ENTITLED TO PRIORITY—UNACCRUED RENT.

Where a lease to a bankrupt provided that, in case of his bankruptcy, rent for the entire term should become due and payable at once, and should be first paid out of his assets, which provisions were valid under the laws of the state, on the bankruptcy the landlord's claim for unac-

crued rent became a debt entitled to priority under the laws of the state, and as such to priority in bankruptcy under Bankr. Act July 1, 1898, c. 541, § 64b (5), 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 537; Dec. Dig. § 350.*]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; John B. McPherson, Judge.

In the matter of the Keith-Gara Company, bankrupt. From an order allowing priority to the claim of Job T. Pugh for rent, Benjamin H. Ludlow, trustee, appeals. Affirmed.

For opinion below, see 203 Fed. 585.

Benjamin H. Ludlow, of Philadelphia, Pa., for appellant.
Henry T. Dechert, of Philadelphia, Pa., for appellee.

Before GRAY and BUFFINGTON, Circuit Judges, and THOMPSON, District Judge.

PER CURIAM.   This case involves a question of Pennsylvania decisions and of bankruptcy procedure.   Both are fully discussed in the opinion below, which was delivered by Judge McPherson, a member of this court, but sitting by special assignment in this case in the District Court.   203 Fed. 585.   Regarding that decision as expressive of the views also reached by this court after a full argument of the case and careful subsequent consideration, we avoid needless repetition by adopting such opinion as the opinion of this court, and affirming the decree entered in pursuance thereof.