## In re AMDUR SHOE CO., Inc.

(District Court, D. Massachusetts. May 19, 1926.)

No. 35806.

**1. Bankruptcy ⊂⟂316(4).**

Indorsee of negotiable paper may prove claim on indorsement in bankruptcy, if liability of indorser is fixed by default of maker; demand and notice being waived.

**2. Corporations ⊂⟂467.**

Corporation becoming contingently liable on obligation of another by indorsement is bound if indorsement was given for a valuable consideration.

**3. Corporations ⊂⟂467.**

If all stockholders consent, and if creditors are not thereby injured, a private corporation is liable on an accommodation indorsement.

**4. Bills and notes ⊂⟂226—Shoe company's, though not individual's, indorsement of corporation's note enabling it to procure loan, if established, held good consideration for corporation's indorsement of its president's personal notes payable to shoe company.**

Shoe company's indorsement of corporation's note or notes enabling it to obtain needed loan, if established, *held* good consideration for corporation's indorsement of personal notes of its president payable to shoe company, though indorsement of corporation's notes by individual controlling shoe company would not be good consideration for corporation's indorsement of its president's notes to shoe company.

**5. Corporations ⊂⟂467—Consent of all stockholders to corporation's indorsement of president's notes held sufficiently established.**

Where all stockholders were present at stockholders' meeting, and with exception of president, who was principal stockholder, authorized directors to indorse president's individual notes, *held*, if indorsement was merely for accommodation, consent of all stockholders was sufficiently established; the transaction being admittedly for benefit of president, who entered no dissent.

**6. Corporations ⊂⟂467—Corporation's indorsement of its president's notes, if for accommodation, held not prejudicial to creditors, if proceeds of notes were used in aid of corporation, as affecting indorsee's right to prove claim in bankruptcy proceedings against corporation.**

Corporation's indorsement, with all stockholders' consent, of its president's notes pay-

able to shoe company, if without consideration and merely for accommodation, *held* not prejudicial to its creditors if president used proceeds of notes in aid of corporation, but prejudicial if he used proceeds merely to purchase more stock of corporation, as affecting indorsee shoe company's right to prove claim based on indorsement in bankruptcy proceedings against corporation.

In Bankruptcy. In the matter of the bankruptcy of the Amdur Shoe Company, Inc. On review of certificate of order of referee allowing the Thayer-Osborne Shoe Company to prove claim. Petition for review remanded to referee for further action.

Joseph Bearak, of Boston, Mass., for receiver.

Alfred A. Silton, of Boston, Mass., for alleged bankrupt.

BREWSTER, District Judge. I have for review on certificate an order of the referee, entered in the above-entitled proceeding in bankruptcy, allowing the Thayer-Osborne Shoe Company to prove a claim for $45,000.

The facts appearing in the certificate, briefly stated, are these:

One Levine, the president, treasurer, and principal stockholder of the bankrupt corporation, borrowed of the creditor $50,000 on notes in various sums. These notes were also signed by Levine's wife and secured by shares in the bankrupt corporation. On June 25, 1925, four of these notes, aggregating $25,000, had fallen due and been dishonored. The remaining note for $25,000 was due July 1, 1925. About this time the bankrupt was in need of financial assistance, and a Mr. Thayer, of the Thayer-Osborne Shoe Company, undertook to assist the bankrupt in obtaining a substantial loan at a national bank. An agreement was entered into between the bankrupt corporation and Mr. Thayer, by virtue of which the bankrupt agreed, in consideration of Thayer's undertaking to procure a loan to the bankrupt corporation, that it would indorse, waiving demand and notice, the notes given by Levine and his wife to the Thayer-Osborne Shoe Company. The agreement was reduced to writing and submitted at a meeting of the directors of the bankrupt corporation. The directors had already been authorized to arrange for the borrowing and for the indorsement of Levine's notes. All the stockholders were present at the stockholders' meeting; but Levine, who held the majority stock interest, did not vote, nor did he record any objection. Arrangements were concluded

for a loan of $40,000, which was obtained on two notes of the bankrupt, one for $25,000, and one for $15,000, and the bankrupt indorsed the outstanding Levine notes held by the Thayer-Osborne Shoe Company.

The Levine notes, to the amount of $45,000, being unpaid, the creditor seeks to prove his claim against the bankrupt as indorser thereon. The claim is objected to on several grounds:

First, that, the liability being contingent, it is not a provable claim;

Second, that there was no consideration given for the indorsement;

Third, that the act of the corporation in indorsing the notes was ultra vires.

[1] The principles of law applicable to a situation such as is disclosed above are fairly well established. The indorsee of negotiable paper may prove a claim on the indorsement if the liability of the indorser is fixed by default of the maker; demand and notice being waived. In re Smith (D. C.) 17 Am. Bankr. Rep. 112, 146 F. 923; Moch v. Market St. Nat. Bk., 6 Am. Bankr. Rep. 11, 107 F. 897, 47 C. C. A. 49; In re Gerson (D. C.) 5 Am. Bankr. Rep. 89, 105 F. 891.

[2] If a corporation by indorsement becomes contingently liable on obligations of another, and that indorsement is given for a valuable consideration, it will be binding upon the corporation. In re Prospect Worsted Mills (D. C.) 11 Am. Bankr. Rep. 502, 126 F. 1011.

[3] A private corporation will be liable on an indorsement for accommodation, if all stockholders consent, and if the rights of creditors are not thereby injured. Murphy v. Arkansas L. Land & Improvement Co. (C. C.) 97 F. 723; Cook on Corporations (5th Ed.) §§ 3, 774. I find difficulties, however, in applying these rules in the present case, owing to the failure of the certificate to disclose facts which, in my opinion, are controlling. The referee states that Thayer either indorsed bankrupt's notes to the bank, from which it obtained the $40,000 loan, or had them indorsed by the Thayer-Osborne Shoe Company. What indorsement these notes bore is a fact easily susceptible of proof, and, if the Thayer-Osborne Shoe Company indorsed one or both of the notes, then we have a consideration moving from that corporation to the bankrupt, which would constitute a valuable consideration for the indorsements of the bankrupt on notes of Levine held by the Thayer-Osborne Shoe Company.

If, on the other hand, the bankrupt's notes were indorsed by Thayer individually, I do not think it could be said that the Thayer-Osborne Shoe Company gave any consideration for the bankrupt's indorsements. They would, in that event, be purely accommodation indorsements.

[4] It will be noted that the agreement to assist the bankrupt in the obtaining of additional funds was made by Thayer individually, and not by the Thayer-Osborne Shoe Company. This agreement to provide funds, or to enable the corporation to secure them, while it may well have been an inducement to the bankrupt, was not a consideration upon which the Thayer-Osborne Shoe Company could base a claim under the indorsement. A valuable consideration could be found, however, if the Thayer-Osborne Shoe Company became contingently liable on notes given by the bankrupt to the bank. This petition for review, therefore, should go back to the referee for additional findings as to whether the notes, or either of them, given by the bankrupt to the First National Bank, were indorsed by the Thayer-Osborne Shoe Company. If they were so indorsed, the order of the referee allowing the claim should stand. If it should appear that they were not so indorsed, then we have to deal with accommodation indorsements, and the claim cannot be proved, unless it appears that the indorsement was authorized by all of the shareholders, and that the rights of creditors were not impaired thereby.

[5] From the referee's certificate, it appears that there was a stockholders' meeting duly held for the purpose of authorizing the directors to indorse the Levine notes. At this meeting all the stock was represented. Levine, the principal stockholder, was present at the meeting, but did not vote upon the resolution. He did not, however, record his dissent, and, as the transaction was admittedly for his benefit, it is reasonable to conclude that the vote met with the approval of all of the stockholders; at least, none is in a position to object now on the ground that the act was ultra vires.

[6] The question still remains whether the indorsement prejudiced the rights of creditors. On this point the certificate is not clear. The referee states that the proceeds of the Levine notes were used for the benefit of the Amdur Shoe Company, Inc. It was suggested during the argument that Levine borrowed $50,000 from the Thayer-Osborne Shoe Company and used that sum in acquiring certain shares of stock in the bankrupt corporation; in other words, that it was cash which he borrowed to be used by him in paying in certain increase of capital stock authorized by the corporation. If this is a fact, it could not be said that at the time of the indorsement by the bankrupt of the Levine notes the bankrupt was under any obligation to pay Levine the $50,000. If, on the other hand, as the referee's certificate would indicate, Levine personally borrowed this money, and in turn loaned it to the corporation, or borrowed it on behalf of the bankrupt, so that an obligation existed to pay Levine or the Thayer-Osborne Shoe Company that amount, then creditors would not be prejudiced by reason of the fact that the bankrupt saw fit to become contingently liable for a sum for which it was already directly liable. Whether the creditors were injured by the indorsements depends upon the nature of the transaction. This, also, is a fact susceptible of proof, and the petition for review should be remanded, for further findings as to the details of the transaction. If it should appear that the indorsement was an accommodation indorsement, without consideration, and that at the time of the indorsement the bankrupt was under no legal obligation to repay the $50,000, which Levine had paid in to the corporation, then it would follow, in my opinion, that the indorsements would be accommodation indorsements, prejudicial to creditors, and would not be binding upon the indorser; at least, the Thayer-Osborne Shoe Company would have no claim provable in bankruptcy over the objection of creditors or those representing them.

This petition for review, therefore, will be remanded to the referee, for further action not inconsistent with this opinion.