### In re SCHECHTER et al.
### No. 4218.

Circuit Court of Appeals, Third Circuit.
Feb. 21, 1930.

Sidney J. Watts and Lewis M. Alpern, both of Pittsburgh, Pa., for appellant.

F. T. Weil and Weil, Christy & Weil, all of Pittsburgh, Pa., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge.

The rent claim of United Cigar Stores Company of America against the bankrupt estate of S. Z. Schechter and Sol Weizenbaum, trading as the Ideal Company, tenants of a store property in Pittsburgh, was allowed by the referee and given priority by him out of the proceeds of sale of the property upon the leased premises. The court below affirmed the referee's order, and that action is here assigned as error.

The lease was for a term beginning April 1, 1924, and ending March 30, 1930, at an annual rental of $13,000, payable in equal monthly installments on the first day of each month. The bankruptcy petition was filed January 3, 1929. The rent installment due January 1st was then unpaid. The rent claim

allowed was for the period of seven months, from January 1 to July 31, 1929. The trustee concedes that the landlord has a valid claim for the January rent. He denies, however, that the landlord has a provable claim for the rent for the period from February to July inclusive. But, since the whole of the bankruptcy estate consisted of goods of the tenants upon the demised premises, and since the claim of the landlord is for less than a year's rent, the trustee does not question the landlord's right to priority, if it has a provable claim.

The asserted right of the landlord rests upon clauses in the lease which provide for accelerating the time for the payment of the rent upon certain contingencies, and upon section 63a (4) of the Bankruptcy Act (11 USCA § 103(a)(4). The accelerating proviso of the lease is that, "If at any time, proceedings in bankruptcy shall be instituted by or against the lessee, * * * then the rent for the balance of the term or any part thereof at the option of the Lessor, shall become due and payable as if by the terms of the lease it were payable in advance. In case the rent is at any time unpaid when due, Lessee hereby agrees that thereupon the whole rent for the balance of the term, or any part thereof at the option of the Lessor, shall immediately become due and payable as if by the terms of the lease it were payable in advance. * * * "

Section 63 a (4) of the Bankruptcy Act (11 USCA § 103(a)(4) provides that, "Debts of the bankrupt may be proved and allowed against his estate which are * * * founded upon an open account, or upon a contract express or implied. * * * "

The trustee further concedes that by virtue of Platt, Barber & Co. v. Johnson, 168 Pa. 47, 31 A. 935, 47 Am. St. Rep. 877; Wilson v. Pennsylvania Trust Co., 114 F. 742 (C. C. A. 3); In re Keith-Gara Co. (D. C.) 203 F. 585, aff'd 213 F. 450 (C. C. A. 3); Rosenblum v. Uber, 256 F. 584 (C. C. A. 3), and Longstreth v. Pennock, 20 Wall. (87 U. S.) 575, 22 L. Ed. 451, the landlord would have had a provable claim in bankruptcy for the rent for the whole of the unexpired term had the lease provided unqualifiedly for the acceleration of the rent for the whole of the unexpired term upon the institution of proceedings in bankruptcy by or against the tenant, in that rent so accelerated would have been due and the claim therefor would have been in existence and absolute at the time of the filing of the petition in bankruptcy. The trustee contends, however, that a claim for

accelerated rent for a period to be fixed by the landlord after the institution of the bankruptcy proceedings is not absolute, due, or even in existence at the time of the filing of the petition in bankruptcy and that, consequently, the claim in the case at bar, in so far as it pertains to the rent from February to July inclusive, was not susceptible of proof.

But, the character of the contract upon which the claim for accelerated rent here rests is such that because of the nonpayment of the January rent on the first day of January and because of the filing of the petition in bankruptcy, the liability of the tenants for accelerated rent was fixed and absolute at the time the petition was filed, for the option therein conferred upon the landlord pertains only to the amount of the rent accelerated and not to liability for accelerated rent. Claims resting upon such fixed liabilities are provable if, as here, the contingency upon which the amount of the claim depends occurs, and the claim is liquidated in time to admit of proof. Moch v. Market St. Nat. Bank, 107 F. 897 (C. C. A. 3); In re Caloris Mfg. Co. (D. C.) 179 F. 722; In re James Dunlap Carpet Co. (D. C.) 163 F. 541.

The question with respect to what peculiar incidents, if any, flow from the proof and allowance of a claim for rent for a part only of the unexpired term is not before us, for that was dealt with by the referee in a separate order that has not been appealed from.

The order of the court below must be affirmed.