**In re ANTON (two cases).**

District Court, D. Minnesota, Fourth Division.

July 16, 1935.

Leonard, Street & Deinard, of Minneapolis, Minn., for bankrupt.

Harold Cox, of Minneapolis, Minn., for objector.

MOLYNEAUX, District Judge.

These two bankruptcy matters are before the court upon the petition of the bankrupts to review the order of the referee in bankruptcy, and the bankrupts assign as error that the referee sustained objections to evidence offered by them to the claim of E. Curie, based upon a judgment obtained by Curie against them, and that the referee erred in holding that they were not entitled to contest the merits of the claim of E. Curie, based upon a judgment entered against the defendants subsequent to the adjudication of bankruptcy, and without notice to the trustee or objecting creditors.

A statement of facts has been agreed upon by the parties and filed herein, which shows that prior to the 5th day of November, 1934, E. Curie sued the two bankrupts, Domout Anton and Josephine Anton, in the district court of Hennepin county, Minn., upon a promissory note; that the defendants appeared and interposed an answer to such action and in due course the action was brought to trial before the court and jury, and the plaintiff recovered judgment against the defendants as prayed for in his complaint; that at the request of the defendants the state court ordered a stay of judgment for 30 days, and after the expiration of the stay judgment was entered in said action against the defendants at the request of the plaintiff.

It appears from the statement of facts that subsequent to the bringing and trial of said suit and after said verdict was rendered against said defendants, on their voluntary application they were declared bankrupts in these proceedings.

It also appears that the said judgment was entered on said verdict without notice to the trustee in bankruptcy or to the said defendants.

Curie duly filed said judgment as a claim in said bankruptcy proceedings against said bankrupts and the same was objected to by the trustee and the bankrupts. Upon the hearing on said objections, the referee in bankruptcy held that the trustee and bankrupts were not entitled to contest the merits of the claim upon which the judgment was based and sustained objections to evidence of that character.

His ruling in that respect is assigned as error in this petition to review.

Section 103, subsec. (a), subd. 5 of the Bankruptcy Act (11 USCA), permits the proof and allowance of debts "founded upon provable debts reduced to judgments after the filing of the petition and before the consideration of the bankrupt's application for a discharge, less costs incurred and interest accrued after the fil-

ing of the petition and up to the time of the entry of such judgments."

The district court of Hennepin county, in which the suit was brought by Curie against the defendants, the present bankrupts, had jurisdiction of the case by the due service of process upon the defendants; also by the appearance of the defendants and their answering in the case. They appeared at the trial, defended the action, and had their day in court, and the verdict was rendered against them. The defendants were not entitled to notice of the entry of judgment. Under the practice in this state, in the absence of a stay (and in this case the stay had expired) the plaintiff had a right to have the clerk of court enter judgment without notice to the defendants.

Under the authorities this judgment so rendered was a valid and subsisting judgment against the defendants, the present bankrupts.

Nothing that was done in the bankruptcy court had ousted the jurisdiction of the court to enter judgment on the verdict rendered, and such judgment was provable in the bankruptcy court. It was so held in the case of Boynton v. Ball, 121 U. S. 457, 7 S. Ct. 981, 984, 30 L. Ed. 985, and speaking of this decision, with reference to subdivision 5, Collier on Bankruptcy (13th Ed.) 1923, vol. 2, p. 1417, says: "This clause gives statutory recognition to the doctrine of Boynton v. Ball, which settled a controversy under the law of 1867, that outlasted the statute itself. The contention was that the debt, being merged in the judgment, and the latter post-dating the bankruptcy, became a new debt which could not be proved, and was, therefore, not discharged. There can now be no doubt. The debt, whether merged or not—and it seems it is not—may be .proved in the form of the judgment, provided costs and interest after the bankruptcy are credited."

It is clear from the foregoing authorities that the debt of the bankrupts to the plaintiff was entitled to be proved in the form of the judgment.

The law of 1867 (14 Stat. 526, § 21) had the following provision: "No creditor whose debt is provable * * * shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined; and any such suit or proceedings shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge, provided there be no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge, and provided, also, that if the amount due the creditor is in dispute, the suit, by leave of the court in bankruptcy, may proceed to judgment for the purpose of ascertaining the amount due, which amount may be proved in bankruptcy, but execution shall be stayed."

Speaking of this provision, the Supreme Court said, in Boynton v. Ball, supra:

"This cannot be construed to mean anything more than that where the bankruptcy proceedings are brought to the attention of the court in which a suit is being prosecuted against a bankrupt, that court shall not proceed to final judgment until the question of his discharge shall have been determined. The state court could not know or take judicial notice of the proceedings in bankruptcy unless they were brought before it in some appropriate manner, and the provisions of this section show plainly that it does not thereupon lose jurisdiction of the case; but the proceedings may, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of his discharge. Even the direction that it shall be stayed is coupled with a condition that 'there is no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge;' and with the further provision that, 'if the amount due the creditor is in dispute, the suit, by leave of the court in bankruptcy, may proceed to judgment for the purpose of ascertaining the amount due.'

"These provisions exclude altogether the idea that the state court has lost jurisdiction of the case, even when the bankrupt shall have made application showing the proceedings against him. The whole section is also clearly impressed with the idea that this is a provision primarily for the benefit of the bankrupt, that he may be enabled to avoid being harassed in both courts at the same time with regard to such debt. It is therefore a right which he may waive. He may be willing that the suit shall proceed in the state court for many reasons,—first, because he is not sure that

he will ever obtain his discharge from the court in bankruptcy, in which case it would do him no good to delay the proceedings at his expense in the state court; in the second place, he may have a defense in the state court which he is quite willing to rely upon there, and to have the issue tried; in the third place, he may be very willing to have the amount in dispute liquidated in that proceeding, in which case it becomes a debt to be paid pro rata with his other debts by the assignee in bankruptcy.

"If for any of these reasons, or for others, he permits the case to proceed to judgment in the state court, by failing to procure a stay of proceedings under the provisions of this section of the bankrupt law, or the assignee in bankruptcy does not intervene as he may do (Hill v. Harding, 107 U. S. 631, 2 S. Ct. 404 [27 L. Ed. 493]), he does not thereby forfeit his right to plead his final discharge in bankruptcy, if he shall obtain it at any appropriate stage of the proceedings against him in the state court."

■ Subdivision 5 is, as said by Collier in the above quotation, a statutory recognition of the doctrine of Boynton v. Ball, supra, giving the creditor a right to continue a suit that he has already brought in the state court to recover judgment and litigate it to its final conclusion. Even without the statute which gives the trustee a right to intervene, he would have that right; the estate being interested in the outcome of the suit. To permit the case to be tried over again and the claim contested again before the referee would nullify subdivision 5 which permits proof and allowance of debts founded upon provable debts reduced to judgment after the filing of the petition and before the consideration of the bankrupt's application for discharge.

That provision means that the debt may be proved by the judgment and the debt would not be provable by the judgment if the judgment could be contested on the merits. The judgment in question here was founded upon a provable claim, namely, a promissory note.

■ The following cases are authority for the rule that where a creditor has commenced a suit on a valid and provable debt against a debtor and he is thereafter adjudicated a bankrupt, plaintiff may prosecute his suit to judgment and prove such judgment as a claim in the bankruptcy proceeding: Chase v. Farmers' & Merchants' Nat. Bank of Baltimore (C. C. A. Pa. 1913) 202 F. 904; In re McBryde (D. C. N. C. 1899) 99 F. 686, 3 A. B. R. 729; In re James Dunlap Carpet Co. (D. C. Pa. 1908) 163 F. 541, 20 A. B. R. 882, following Moch v. Market St. Nat. Bank (Pa. 1901) 107 F. 897, 47 C. C. A. 49; In re Kranich (D. C. Pa. 1910) 182 F. 849; In re Pinkel (D. C. N. Y. 1899) 1 A. B. R. 333; [1] Uden v. Great Northern Const. Co. (D. C. Wash. 1924) 1 F.(2d) 743. See, also, Rosenthal v. Nove (1900) 175 Mass. 559, 56 N. E. 884, 78 Am. St. Rep. 512; Berry Clothing Co., Inc., v. Shopnick (1924) 249 Mass. 459, 144 N. E. 392.

Counsel for the petitioners have cited several cases which seem to take a contrary view to that here taken; the cases of In re James A. Brady Foundry Co., Bankrupt (C. C. A.) 3 F.(2d) 437, In re Kroeger Bros. Co. (D. C.) 262 F. 463, 45 A. B. R. 135, and In re Barrett & Co., Bankrupt (D. C.) 27 F.(2d) 159, 12 A. B. R. (N. S.) 157.

These cases seem to be contrary to the weight of authority.

For these reasons, I agree with the ruling of the referee and confirm his action in this matter.