In re SWEETSER, PEMBROKE & CO.

(Circuit Court of Appeals, Second Circuit. November 22, 1905.)

No. 120.

MASTER AND SERVANT—CONTRACT FOR SERVICES—TERMINATION—FUTURE SALARY OF EMPLOYÉ UNDER TIME CONTRACT.

An employé of a corporation under a contract for a term of years cannot prove a claim for salary accruing after the corporation has been adjudged a bankrupt, although upon its written admission of its inability to pay its debts and its willingness to be adjudged a bankrupt, where the contract expressly provided that it might be terminated by the corporation in case of its dissolution.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 479; vol. 34, Cent. Dig. Master and Servant, § 25.]

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York.

J. F. McNaboe, for petitioner.

A. H. Van Brunt, for respondent.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. Sweetser, Pembroke & Co. is a corporation of the state of New York which was engaged in the dry goods business. On October 13, 1904, a petition in involuntary bankruptcy was filed against it by certain of its creditors; the act of bankruptcy alleged being an admission in writing made that day by the corporation of its inability to pay its debts and its willingness to be adjudged a bankrupt upon that ground. The usual proceedings followed. Petitioner Oatwell was an employé of the firm at a fixed salary for a definite time, which did not expire until some months after the filing of the petition. His salary has been paid up to October 15, 1904, when the receivers in bankruptcy discharged him. His claim is that the corporation broke its contract with him, that his damages for such breach are recoverable against the estate, and that they should be allowed as a claim to the amount of the unpaid salary for the balance of the term of his employment, less what he might have earned subsequent to discharge during the term the contract had to run. There are a number of other employés who are similarly situated.

Numerous authorities are cited which it will not be necessary to review; the gravamen of petitioner's argument being that the making of the written admission on which petition in involuntary bankruptcy was predicated was a voluntary act of the corporation, so that it may be said to have itself brought about the very act which resulted in petitioner's discharge. We do not think the point is of importance in the cause at bar, because the contract of employment expressly provided that, in case the corporation should be dissolved before the expiration of the contract, the contract might at the option of the corporation be declared null and void. Evidently the parties did not contemplate that the employer should be obligated to continue a losing business indefinitely in order to afford the employé an opportunity to continue earning his salary. Whenever the corporation might choose to do so,

it was entirely free to take whatever action might be necessary to bring about its dissolution, and the distribution of its assets among its creditors by trustees as the state statutes provide, and its voluntary action to that end, would not constitute a breach of the contract. We do not think that the situation is at all changed by the circumstance that the corporation has elected to make a written admission of what is an undisputed fact—its inability to pay its debts—thus bringing about a winding up of its affairs under the federal bankruptcy act. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418].

The order of the District Court is affirmed.