### In re AMERICAN VACUUM CLEANER CO.

(District Court, D. New Jersey. September, 1911.)

1. BANKRUPTCY (§ 421*)—PROVABLE DEBTS—RELEASE.

Since all obligations of a bankrupt are not provable in bankruptcy, the bankrupt's discharge only operates as a release from such debts as are provable.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 421.*]

2. BANKRUPTCY (§ 320*)—PROVABLE CLAIMS—BREACH OF CONTRACT—UNLIQUIDATED CLAIM—"DEBTS PROVABLE."

Bankr. Act July 1, 1898, c. 541, § 63, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3447), defines the debts of the bankrupt which may be proved against his estate to consist of a fixed liability, evidenced by a judgment or an instrument in writing absolutely owing at the time the petition was filed, whether then payable or not, claims founded on an open account or on a contract, express or implied, and declares that unliquidated claims against the bankrupt may be liquidated pursuant to an application to the court in such manner as it shall direct, and may thereafter be proved against the estate. *Held*, that where claimant was an employé of the bankrupt under contract which had many months to run at the time of the filing of an involuntary bankruptcy petition, and he was paid his salary up to the time the petition was filed, the subsequent breach of the contract having been the result of the operation of the bankruptcy act, though the causes permitting the intervention were chargeable to the bankrupt, the claim was not allowable.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 320.*

For other definitions, see Words and Phrases, vol. 2, p. 1882; vol. 8, p. 7628.]

In the matter of bankruptcy proceedings of the American Vacuum Cleaner Company. On review of a referee's order disallowing the claim of Ralph H. Healan for breach of an executory contract for personal services. Sustained.

George W. Harrison, for claimant.
Harry V. Osborne, for trustee.

RELLSTAB, District Judge. Claimant was an employé of the bankrupt, under contract which had a number of months to run at the time of the filing of the involuntary petition. He was paid his salary

up to the time of filing the petition. He secured another position at the end of a month from that time, and his present claim is for $500 salary for such month. The referee rejected the claim on the authority of In re Inman (D. C. Ga.) 22 Am. Bankr. Rep. 524, 171 Fed. 185.

[1] The rejection of the claim in the cited case is sustained by the weight of the authorities. All obligations of the bankrupt are not provable in bankruptcy. The bankrupt's discharge only operates as a release from such of his debts as are provable in bankruptcy. Bankr. Act July 1, 1898, c. 541, § 2, cl. 12, 30 Stat. 545 (U. S. Comp. St. 1901, p. 3420). Debts include any demand or claim provable in bankruptcy. Id. cl. 11. What are provable are enumerated in section 63. The relevant portions of this section follow:

"Debts which may be proved—(a) Debts of the bankrupt which may be proved and allowed against his estate which are: (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest; * * * (4) founded upon an open account or upon a contract express or implied. (b) Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against his estate."

"Paragraph 'b,' however, adds nothing to the class of debts which might be proved under paragraph 'a.' * * * Its purpose is to permit an unliquidated claim coming under the provisions of section 63a to be liquidated as the court should direct." Dunbar v. Dunbar, 190 U. S. 340, 350, 23 Sup. Ct. 757, 47 L. Ed. 1084, 10 Am. Bankr. Rep. 139.

The contract relied upon at the filing of the petition was executory, and no breach had been committed by the bankrupt. No debt was owing by it at such time. The breach was the result of the operation of the bankruptcy act; and, though the causes permitting the intervention of such act are chargeable to the bankrupt, they cannot be said to be anticipatory breaches, so as to admit of the proving of claims not then accrued.

[2] The bankruptcy act of 1898, unlike its predecessor, does not include contingent claims, an omission which was held to be significant in Dunbar v. Dunbar, supra, and In re Roth & Appel (C. C. A., 2d Cir.) 24 Am. Bankr. Rep. 588, 181 Fed. 667, 104 C. C. A. 649, and which led the courts in those cases to disallow claims which had not accrued at the time of the institution of the bankruptcy proceedings. The logic of these decisions is to give preference to fixed, as against contingent, liabilities. The time when this characteristic of the claim is to be determined is when the administration in bankruptcy begins— the filing of the original petition. Sexton v. Dreyfus, 219 U. S. 339, 31 Sup. Ct. 256, 55 L. Ed. 244, 25 Am. Bankr. Rep. 363. In the absence of statutory language expressly directing the allowance of contingent claims, the holder will not be permitted, in bankruptcy proceedings, to share in the distribution of the assets with those creditors whose claims were absolute at the filing of the bankrupt's petition.

The referee's disallowance of this claim is affirmed.