In re MONTAGUE & GILLET, Inc.

(District Court, S. D. New York. March 18, 1914.)

1. BANKRUPTCY (§ 318*)—CLAIMS—FUTURE INSTALLMENT OF WAGES.

A claim of an officer of a bankrupt corporation for future installments of wages under a contract of employment for a fixed term at an annual salary is not provable in bankruptcy, because dependent on performance of the services to be rendered.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 481, 482; Dec. Dig. § 318.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 318*)—CLAIMS—WRONGFUL DISCHARGE OF EMPLOYÉ.

Though voluntary bankruptcy of a corporation which had contracted for the services of an officer for a specified term at an annual salary were a discharge of the officer (a point not decided), his claim for a wrongful discharge is contingent and is not provable in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 481, 482; Dec. Dig. § 318.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Montague & Gillet, Incorporated, bankrupts. Petition to review order of referee expunging a claim. Order affirmed. Petition dismissed.

Petition to review the order of a referee expunging a claim. The petitioner had a written contract as vice president of the bankrupt coporation at the rate of $1,800 per year for five years. He presented a claim for his future salary to the end of the term, which the referee expunged. The only point raised is whether a claim upon a written contract for future services is provable in bankruptcy.

Albert Francis Hagar, of New York City, for claimant.

Olcott, Gruber, Bonynge & McManus, of New York City, for trustee.

HAND, District Judge. [1] On principle I can see no reason to doubt that as future installments of wages are conditional in their nature, being dependent upon performance of the services to be rendered, so no claim for such installments is provable in bankruptcy. Upon authority the same result follows from the rule regarding rent (Re Roth & Apfel, 181 Fed. 667, 104 C. C. A. 649, 31 L. R. A. [N. S.] 270 [2d Cir.]), and so it has been decided as to personal services in the District Court (Re Inman & Co., 171 Fed. 185; Re American Vacuum Cleaner Co., 192 Fed. 939). Re James Dunlap Carpet Co. (D. C.) 163 Fed. 541, recognizes that such claims are contingent, but depends upon the ruling in Moch v. Market Steel National Bank, 107 Fed. 897, 47 C. C. A. 49, that under section 63a(4) (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]) contingent claims are provable, a ruling expressly disapproved in Re Roth & Apfel, supra. Therefore in so far as the claim is for future installments it is not valid under the act.

[2] Nevertheless, an employé has, if he chooses, an immediate right of action for wrongful discharge, in which he may recover for future services, making allowance for the reasonable value of his prospective earnings elsewhere. Pierce v. Tennessee, etc., Co., 173 U. S. 1, 19 Sup. Ct. 335, 43 L. Ed. 591. The question is whether he may treat bankruptcy as a discharge which gives him such immediate right of action. The subject is akin in principle to the question whether bankruptcy is an anticipatory breach of a commercial contract under the rule in Roehm v. Horst, 178 U. S. 1, 20 Sup. Ct. 780, 44 L. Ed. 953. Bankruptcy seems to be regarded as the equivalent of an anticipatory breach in Re Swift, 112 Fed.

315, 50 C. C. A. 264, and Re Neff, 157 Fed. 57, 84 C. C. A. 561, 28 L. R. A. (N. S.) 349, and there are dicta to the same effect in Re Pettingill (D. C.) 137 Fed. 143, Re Spittler (D. C.) 151 Fed. 942, and Re National Wire Corp. (D. C.) 166 Fed. 631. Re Imperial Brewing Co. (D. C.) 143 Fed. 579, stands alone to the contrary so far as I have found. Re Silverman (D. C.) ·101 Fed. 219, has nothing to do with the point. It seems to me rather strange that the courts should not at least have distinguished between voluntary and involuntary cases, and with due deference I find it quite impossible to see how the mere filing of an involuntary petition against a man can be an anticipatory breach, whatever may be said for the adjudication. Yet the filing day is always the test. However, this is a voluntary case, and that question does not arise. If free to decide, I should not hold that even voluntary bankruptcy was either the equivalent of a wrongful discharge as here, or an anticipatory breach. Compositions take place, the bankrupt gets backers, and creditors are held off, even in the case of a corporation; bankruptcy is by no means always the equivalent to a final repudiation of the contract. Phenix Nat. Bank v. Waterbury, 197 N. Y. 161, 90 N. E. 435. Moreover, though the consideration does not perhaps apply in the case of personal services, which are not assignable, I am quite unable to reconcile the doctrine of anticipatory breach with the right of the trustee in bankruptcy to assume the contract cum onere. Lovell v. St. Louis Mut. Life Ins. Co., 111 U. S. 264, 4 Sup. Ct. 390, 28 L. Ed. 423, sometimes cited, does not control, for an insurance company's contract certainly involves the retention of its assets pending the maturing of the policy. However, in view of the authority to the contrary, I shall not decide that bankruptcy does not give the servant the right to treat himself as discharged, but shall for the sake of argument treat it as such.

Yet even treating the bankruptcy as a discharge I think that the claim remained contingent, for a wrongful discharge, like all other wrongful attempts to terminate a contract, while it gives the other party himself the right to terminate, imposes upon him no obligation. Phenix National Bank v. Waterbury, 197 N. Y. 161, 90 N. E. 435. The servant may sue at once by hypothesis for all his wages, but he may also wait until they become due and then sue. It is true that by waiting he subjects himself to the risk of having taken by way of set-off the estimated value of his services, rather than his actual earnings, but that is all he assumes. It is by no means impossible that a servant might prefer to wait over a period of adjustment and tender his services to the old master who had composed with his creditors, or got his discharge, rather than to prove against his estate. Therefore the case seems to me throughout analogous to Re Roth & Apfel, supra, where the lessor's claim was disallowed upon a covenant to pay the loss if the lessor reentered and relet after bankruptcy. In that case Judge Noyes relied upon the fact that the lessor might not choose to relet, if he preferred to wait, and that his option prevented the claim from being absolutely fixed at the moment of bankruptcy.

It seems to me that this claim also was not "absolutely fixed" at the time when the petition is filed, and that the subsequent election to file is not enough. I agree that in principle the cases involving anticipatory breach apply also in this respect, since the other party to the contract has the option not to treat the contract as finally ruptured. However, I regard Roth & Apfel, supra, as controlling, and Phenix National Bank v. Waterbury, supra, is quite on all fours. It is true that on the facts Re Roth & Apfel, supra, is distinguishable, being involuntary; but, as I have said, no one seems to have considered that fact as important in this connection. Certainly, the court did not intend to rest upon it. Re Sweetser, Pembroke & Co., 142 Fed. 131, 73 C. C. A. 349, has, of course, nothing to do with the point at issue.

Order affirmed; petition dismissed.