In re HAYWARD.

(District Court, E. D. Pennsylvania. June 2, 1904.)

No. 614.

1. BANKRUPTCY—LANDLORD'S LIEN—NECESSITY OF PROVING CLAIM.

A landlord, having a lien or charge for the rent due him on the property of his tenant at the time of the latter's bankruptcy, but the amount of which was unadjudicated, in order to preserve his right to priority, must establish his claim by proof under the bankruptcy act, the same as other creditors.

In Bankruptcy. On certificate of referee concerning landlord's claim for rent.

Ira Jewell Williams, for landlord.
Alfred Aarons and Henry N. Wessel, for objecting creditors.

J. B. McPHERSON, District Judge. Sections 83, 84, and 85 of the Pennsylvania act of 1836 (P. L. 777) on the subject of executions provide as follows:

"Sec. 83. The goods and chattels being in or upon any messuage, lands or tenements, which are or shall be demised for life or years, or otherwise taken by virtue of an execution, and liable to the distress of the landlord, shall be liable for the payment of any sums of money due for rent at the time of taking such goods in execution: Provided, that such rent shall not exceed one year's rent.

"Sec. 84. After the sale by the officer, of any goods or chattels as aforesaid, he shall first pay out of the proceeds of such sale, the rent so due, and the surplus thereof, if any, he shall apply towards satisfying the judgment mentioned in such execution: Provided, that if the proceeds of the sale shall not be sufficient to pay the landlord, and the costs of the execution, the landlord shall be entitled to receive the proceeds after deducting so much for costs as he would be liable to pay in case of a sale under a distress.

"Sec. 85. Whenever any goods or chattels liable to the payment of rent as aforesaid, shall be seized in execution, the proceedings upon such execution shall not be stayed by the plaintiff therein, without the consent of the person entitled to such rent, in writing first had and obtained."

The effect of these sections, as declared by the Supreme Court of the state in Barnes' Appeal, 76 Pa. 50, is—

"To create a charge in favor of the landlord for rent, not exceeding one year's, upon the goods liable to the distress of the landlord for this rent in and upon the demised premises at the time of taking such goods in execution. After the sale, the officer is required to pay the rent first out of the proceeds and apply the surplus only to the execution. * * * Moreover, after a levy on goods liable to distress the plaintiff in the execution cannot stay proceedings without the consent of the landlord first had in writing. Thus, call the charge a lien, or by any other name, it is clear the rent of the landlord is a prior charge by law, and the sale under execution is for the benefit of the landlord."

When, therefore, an execution was levied on May 28, 1900, upon the bankrupt's personal property on the demised premises, the levy was subordinate to the landlord's claim for rent, which was fully protected by the statutory charge or lien. If a sale had taken place, the claim would no doubt have been paid, but on June 4th the bankrupt filed a voluntary petition, an adjudication thereon was duly entered, and a restraining order was issued forbidding the execution creditor to proceed with the levy. On June 5th the landlord issued a distress warrant, which was levied upon the goods, but apparently was afterwards abandoned. Assuming for the present that the distraint was lawful, although an adjudication had already been entered (Butler v. Morgan, 8 Watts & S. 536), it is evident that the levy gave the landlord no better right than he already had; and, moreover, as the distraint was not proceeded with according to the Pennsylvania statute concerning distress for rent, it became ineffective and may therefore be disregarded. The personal property came into the trustee's hands and was sold several months afterwards, producing the fund now in dispute. In September, 1900, the landlord served a written notice of his claim upon the trustee, but he has never made proof thereof as required by the act. In November, 1902, he applied to the referee

130 F.—46

for an order directing the trustee to pay to him the fund in hand (which is less than the claim), and upon the final refusal of such an order, he has had the question certified to the court.

Upon these facts, Referee Mason refused the order on the ground that no lien had been obtained before the bankruptcy proceedings were begun, and that the landlord, although a creditor entitled to priority of payment, was not thereby relieved from the need of proving his claim like other creditors. Referee Amram heard some additional testimony after the death of Mr. Mason, and also refused the order, upon the ground that even if it be assumed that the oral notice of his claim, which the landlord gave to the sheriff before the petition in bankruptcy was filed, created a lien on the goods, nevertheless this was a lien obtained through legal proceedings and was avoided by section 67, cl. "f." Bankr. Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]. Having no lien, he was bound to prove his claim within a year, and his failure to do so was fatal. I think each of these positions is correct in part. The landlord certainly had a lien, or a charge of some sort, before the bankruptcy proceedings were begun, but whether it was obtained through legal proceedings need not be decided now. However it may have been obtained, it existed in fact at that time, and if it had been protected by complying with the requirements of the bankrupt act concerning proof, the landlord's priority would have continued, but from the nature of the lien it was necessary that it should be proved. It was, so to speak, a secret charge. Creditors had no implied notice of its existence, and might not know of it in fact. Its amount having never been judicially determined, there was no presumption that the sum was correct. Of such a claim mere notice to the trustee could not be sufficient proof; nothing could prove it except the formalities and the evidence required by the act. I see no reason why a claim for rent should not be subjected to examination and attack by other creditors in the same manner as a claim for merchandise or for money lent.

The decision of the referee is affirmed.