CHARLES H. OLDEN

*v.*

CHARLES H. MATHER.

[Decided July 30th, 1907.]

1. Before complainant, claiming the proceeds of his tenant's chattels sold under execution on defendant's prior levy, may have the benefit of the statute requiring an officer to pay rent before removing a tenant's goods under execution, it must appear the premises were held at a rent certain, for which the plaintiff might by law distrain.

2. An owner of a farm and milk route let it to one on condition that he furnish horses, &c., and divide the proceeds as follows: Eggs, daily; crops, when sold; milk, monthly.—*Held*, that the contract did not create the relation of landlord and tenant and is not a lease, and hence did not create the relation necessary to allow the application of the law relating to the right of distress for rent.

3. The statute relating to distraints and that requiring an officer to pay rent before moving a tenant's goods under execution are contemporaneous, and to be construed as relating to each other.

---

On bill for relief.  On petition by landlord to have proceeds of tenant's chattels, sold under execution, applied to payment of rent.

*Messrs. Bird & Blackman,* for the petitioner.

*Mr. Edwin R. Walker,* for the judgment creditor.

BERGEN, V. C.

The complainant having a money decree, and the defendant a judgment against one Sassman, they respectively caused executions to be issued thereon, and Sassman's chattels levied upon and advertised for sale; whereupon the complainant filed his bill in this cause charging that, although the defendant's levy antedated that of complainant, defendant's judgment was fraudulently obtained as to creditors and therefore complainant is entitled to priority in payment.

Upon filing the bill an order was allowed requiring defendant to show cause why the threatened sale should not be restrained, which order was disposed of by allowing the sale to proceed with a direction to the sheriff to pay the proceeds into court to await the determination of the questions raised by the pleadings in this cause.

The proceeds of the sale having been paid to the clerk of this court, the present proceeding was instituted by the complainant whose petition alleges that Sassman was his tenant and indebted to him for rent, in a sum much greater than the net result of the sale, wherefore he claims he is entitled to the money, because, as he insists, the sheriff is bound by law to pay the rent before selling and removing the goods, notice to that end having been given him.

That the complainant may have the benefit of the statute, "it must appear that the premises were holden at a rent certain for which the plaintiff might by law distrain." *Central Bank* v. *Peterson, 24 N. J. Law (4 Zab.) 668.*

The facts agreed upon show that the complainant, being the owner of a farm and milk route, let it to Sassman upon condition that he furnished horses, farming implements, dairy fixtures, milk wagons "and all other articles or things needed for the proper working of the said farm and proper running of the said milk route," and divided the proceeds as follows: "All eggs are to be divided daily, all other crops to be divided when sold, except the milk, which is to be settled for on the tenth day of the month following the sale thereof." It also appears that the amount claimed to be due for rent was only established after an accounting, compelled by litigation, and the balance included,

not only the proceeds of the crops from the land, but also the profits from the milk business.

This contract does not create the relation of landlord and tenant; it is an agreement to do the work and furnish the materials necessary for farming the land and the carrying on of a milk business in consideration of a division of the proceeds. Such a contract does not constitute a lease, nor does it create the relation necessary to allow the application of the law relating to the right of distress for rent. *Gray* v. *Reynolds, 67 N. J. Law (38 Vr.) 169,* and cases there cited.

The rule is settled in this state that the statute relating to distraints and that which requires an officer to pay rent before removing a tenant's goods under execution, are contemporaneous, and to be construed as relating to each other. *Ryerson* v. *Quackenbush, 26 N. J. Law (2 Dutch.) 236; Van Horn* v. *Goken, 41 N. J. Law (12 Vr.) 499.*

To adopt the course insisted upon by this petitioner will require us to establish the rule that whatever may be found due, by an accounting between the parties, for the use and occupation of land, is rent, subject to which an officer executing a writ of *fieri facias* must take the goods and chattels of a cropper or occupant of land, which is being worked for a share of the proceeds, and that the relation of landlord and tenant is not a necessary element to the preference here sought. I am of opinion that the act, the provisions of which complainant now invokes, requiring the payment of rent before an officer may remove the tenant's goods levied upon by virtue of an execution, only applies to cases where the landowner's claim is of such a nature as will support a distress, and as that condition is not present in this case, the application must be denied and the petition dismissed, with costs.