In re SPIES-ALPER CO.

(District Court, D. New Jersey. March 29, 1916.)

1. LANDLORD AND TENANT ☞265(3)—LEASES—COVENANTS—RENT.

Where a lessee agreed to pay a fixed rent in monthly installments, together with the annual taxes assessed for each year during the term, the taxes to be paid on or before December 20th, such taxes, as well as water rates the tenant covenanted to pay, are rent, the agreement to pay them not being a mere personal one independent of the reservation of rent, and so the landlord might distrain for such sums.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1067; Dec. Dig. ☞265(3).]

2. BANKRUPTCY ☞345—PRIORITIES—RIGHT TO PRIORITY.

A tenant agreed to pay taxes and water rates assessed upon the premises. Landlord and Tenant Act N. J. § 4 (3 Comp. St. N. J. 1910, p. 3066), declares that no goods or chattels lying on the demised premises shall be liable to be taken by virtue of any execution against the tenant without payment to the landlord, before removing them, of all rent due at the time of the taking or which shall have accrued up to the day of removal, whether by the terms of the lease the day of payment shall have come or not. Bankr. Act July 1, 1898, c. 541, § 64b, cl. 5, 30 Stat. 563 (U. S. Comp. St. 1913, § 9648), declares that debts owing to any person who by the laws of the state or the United States is entitled to priority shall have priority on bankruptcy. Section 67f (section 9651), declares that all levies, judgments, attachments, or other liens obtained against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy, shall be deemed null and void. The lessee failed to pay rent and water rates as agreed, and was then adjudicated a bankrupt. *Held*, that as under the New Jersey statute the landlord has a mere right of priority and not a lien, and as until the landlord has asserted his lien by distress the tenant may dispose of or incumber his property, the landlord was not entitled to priority as to taxes which at the time of the adjudication in bankruptcy had not been assessed and could not be determined, for in such case an execution creditor would take the chattels free from the landlord's claim.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 531, 532, 534, 539, 540; Dec. Dig. ☞345.]

3. LANDLORD AND TENANT ☞247—RIGHTS OF LANDLORD—EXECUTION AGAINST LESSEE.

Under Landlord and Tenant Act N. J. § 4 (3 Comp. St. N. J. 1910, p. 3066), declaring that no goods or chattels lying on the demised premises shall be taken by virtue of any execution, attachment, or other process

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

against the tenant without payment to the landlord, before removing them from the demised premises, of all rent due at the time of taking or which shall have accrued up to the day of removal, whether due under the lease or not, an execution creditor of a lessee may take the lessee's property free from the claims of the landlord for taxes payable as rent, where at the time of execution the amount of the taxes was not ascertained; there having been no assessment.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 985; Dec. Dig. ☞247.]

4. BANKRUPTCY ☞318(4)—CLAIMS—PROVABLE CLAIMS.

Bankr. Act, § 63a, cls. 1, 4 (Comp. St. 1913, § 9647), declares that debts of the bankrupt which are a fixed liability absolutely owing at the time of the filing of the petition may be proven and that debts founded on an open account or a contract express or implied may be proven. A tenant agreed as part of the rent to pay the taxes and water rates levied against the demised premises. At the time of his bankruptcy the taxes had not been assessed. *Held* that, while the landlord was not entitled to priority as to such taxes, which were part of the rent reserved, he might, when they had been assessed, prove the amount as a claim against the estate of the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 482; Dec. Dig. ☞318(4).]

In Bankruptcy. In the matter of the bankruptcy of the Spies-Alper Company. On petition to review an order of the referee disallowing two items of the claim filed by Joseph Oschwald. Referee's order affirmed in part, and reversed, with directions, in part.

Harry Campton, of Newark, N. J., for claimant.
Bilder & Bilder, of Newark, N. J., for trustee.

HAIGHT, District Judge. The claimant, Joseph Oschwald, filed a claim against the bankrupt estate for rent for certain premises in the city of Newark, which he had theretofore leased to and which had been occupied by the bankrupt. He claimed priority. The lease, which was dated January 30, 1911, and was for a term of ten years, provided for a yearly rental of $4,000, payable in equal monthly installments on the 1st day of each month in advance, "together with the annual taxes assessed for each year during said term of ten years, said taxes to be paid on or before the 20th day of December in each year," and also certain water rents. On June 25, 1913, the petition in bankruptcy was filed and a receiver appointed, who took possession of all the goods and chattels of the bankrupt then located on the demised premises. These were subsequently sold, and produced considerably more than enough to satisfy the landlord's claim. The claim consists of four distinct items, as follows: (1) The monthly installments for three months, which were due and in arrears at the time the petition in bankruptcy was filed; (2) certain water rents; (3) taxes assessed by the city of Newark against the demised premises for the year 1912; and (4) that proportion of the taxes assessed for the year 1913 which, it is claimed, had accrued up to the time of the filing of the petition. The referee allowed the first two items as a priority claim, but disallowed the latter two altogether. It is to review the latter action of the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

referee that the matter is now before the court. The claimant's counsel, on the argument, abandoned his effort to have the order of the referee reversed, in so far as the disallowance of the third item is concerned.

[1] Although the taxes which the lease provided that the tenant should pay were uncertain in amount at the beginning of any contract or calendar year, they were sure to be made certain and definite before the time of payment would arrive; and the covenant to pay them was not a mere personal one, independent of the covenant reserving the rent, but was a part thereof. Undoubtedly, therefore, under the decisions in New Jersey they were rent and might be distrained for when they became due and payable. Central Bank of New Jersey v. Peterson, 24 N. J. Law, 668; Melick v. Benedict, 43 N. J. Law, 425; Ocean Grove Ass'n v. Sanders, 67 N. J. Law, 1, 50 Atl. 449, affirmed 68 N. J. Law, 631, 54 Atl. 448.

[2, 3] As the landlord could distrain for them when due, he would be entitled, at least as to such as were due, to the preference given by the fourth section of the New Jersey Landlord and Tenant Act (3 Comp. Stat. p. 3066). Central Bank of New Jersey v. Peterson, supra; Van Horn v. Goken, 41 N. J. Law, 499; Olden v. Mather, 73 N. J. Eq. 217, 67 Atl. 435. To this effect, also, is McCann v. Evans, 185 Fed. 93, 107 C. C. A. 313 (C. C. A. 3d Cir.), where it was held that, under the decisions of the state courts of Pennsylvania (which appear to be, in all respects material to this inquiry, the same as those of New Jersey), the provisions of a lease (not dissimilar to those of the lease in this case), which provided for the payment of taxes by the tenant, constituted such taxes rent, liable to be distrained for and entitled to the preference in payment given by the laws of that state. The New Jersey statute (section 4), before mentioned, provides that no goods or chattels lying on demised premises "shall be liable to be taken, by virtue of any execution, attachment or other process" without the payment to the landlord, before removing them off the demised premises, of all rent due at the time of the taking, "or which shall have accrued up to the day of the removal of the goods from off the said premises, whether by the terms of lease the day of payment shall have come or not," not, however, exceeding one year's rent. It has been sometimes urged that this statute, even though a distress warrant has not been issued, gives the landlord a lien which is not divested by the bankruptcy of the tenant, and which entitles him to be paid out of the proceeds of any sale of the tenant's goods and chattels on the demised premises, as any other lienholder, without the necessity of proving his claim and prior to any other debts mentioned in section 64b of the Bankruptcy Act. Such a construction was denied by Judge McPherson to the Pennsylvania statute, which is substantially the same as that of New Jersey, in the cases of Re Hayward, 130 Fed. 720 (D. C. E. D. Penn.), where the Pennsylvania statute is set forth in full; and in Re Consumers' Coffee Co., 151 Fed. 933 (D. C. E. D. Penn.). See, also, In Re Pittsburgh Drug Co., 164 Fed. 482 (D. C. W. D. Penn.).

Nor would such a construction conform, I think, to that which has been given to the New Jersey statute by the state courts of New Jer-

sey. Woodside v. Adams, 40 N. J. Law, 417; Wood v. Carriage Co., 49 N. J. Eq. 433, 24 Atl. 228. In both of these cases it was held that the statute left the tenant at perfect liberty to dispose of his goods and chattels absolutely, or to create liens thereon, and that any title or lien thus acquired before the issuance of a distress warrant would be superior to the right of the landlord. Manifestly, therefore, the statute gives the landlord no lien in the ordinary and proper sense. It gives him merely the right to a preference in payment, out of the tenant's goods and chattels on the demised premises, over other creditors, including those holding executions, who are not lienholders. It has been the practice in this district (although there appears to be no reported decision to that effect) to recognize and give effect to this preference in bankruptcy proceedings, by virtue of section 64b (5) of the Bankruptcy Act, and this may be considered as the rule in this district. It is supported both by reason and authority. A decision of Referee Adams to this effect, in the matter of Joseph C. Price, was affirmed, without opinion, by one of the judges of this court. This is also the rule which has been adopted by the federal courts in Pennsylvania. See In re Hayward, supra; In re Consumers' Coffee Co., supra; In re Pittsburgh Drug Co., supra; McCann v. Evans, supra; Wilson v. Penn. Trust Co., 114 Fed. 742, 52 C. C. A. 374 (C. C. A. 3d Cir.). And see, also, the other cases in the Pennsylvania districts, hereinafter cited under another point. It was held by the Supreme Court under the previous Bankruptcy Act that an assignee who took possession of the bankrupt tenant's goods, which were on demised premises, was within the intendment of the Pennsylvania statute. Longstreth v. Pennock, 20 Wall. 575, 22 L. Ed. 451. As that statute and the New Jersey statute are the same in all material respects, it follows that this decision is applicable to the latter. A landlord whose claim comes within the provisions of the New Jersey statute is therefore entitled to priority under section 64b (5) of the Bankruptcy Act. If the landlord has actually seized the tenant's goods by a distress warrant before the proceedings in bankruptcy are instituted, he would have a lien which would entitle him to be paid as other lienholders, without regard to the provisions of section 64b (5). In re West Side Paper Co., 162 Fed. 110, 89 C. C. A. 110, 15 Ann. Cas. 384 (C. C. A. 3d Cir.). And such a lien is not divested by section 67f of the Bankruptcy Act. Henderson v. Mayer, 225 U. S. 631, 32 Sup. Ct. 699, 56 L. Ed. 1233; In re West Side Paper Co., supra.

In the case at bar no distress warrant had been issued before the bankruptcy proceedings were instituted. Hence claimant's right to priority, if any, must rest upon section 64b (5). As this section grants priority only to those who, by the law of a state, are entitled thereto, it becomes necessary to determine whether the part of the claim now in question would have been entitled to any preference under the New Jersey statute, had not bankruptcy proceedings intervened. In the city of Newark taxes are assessed during the course of a fiscal year to cover that part of the year from January 1st which has then expired, and the remainder of the year; in other words, they are not assessed and payable wholly in advance, as in most of the other municipalities

of New Jersey. When the receiver took possession of the tenant's goods, the taxes for the year 1913 had not been assessed and the amount thereof could not, under the existing law, be ascertained with accuracy until several months thereafter, although, when assessed, they would be upon the value of the property as of May 20, 1913. I think, however, it may be fairly held that the taxes, although not payable until the latter part of the contract year (which was the time provided by law for the payment of taxes), were intended by the parties to be proportionately spread as rent over the whole year, the same as if there had been a fixed annual rental which was not payable until the end of the term, and that such proportion thereof as the part of the year which had expired, when the receiver took possession, bore to the whole year may be considered to have then accrued, within the meaning of the New Jersey statute. But at that time it would have been impossible for an execution creditor to determine what to pay the landlord in order to enable him to remove the goods from the demised premises, because the taxes for that year had not been assessed, and the part thereof which had then accrued would, consequently, have been incapable of ascertainment.

Does the New Jersey statute require that, in a case such as this, an execution creditor must wait, before he is able to satisfy his judgment from a tenant's goods on demised premises, until the municipal authorities have determined what the taxes to be assessed against the demised premises are to be? I cannot believe that such is the correct construction of the statute. Cases can readily be imagined where exceedingly unjust results would follow from such a construction. Although the state courts seem not to have passed on this question, I think the proper construction of the whole statute is that the execution creditor is required to pay the landlord, before removal of the tenant's goods, the rent which has accrued, but which is not then payable, only when it is then possible to ascertain the amount thereof. Section 5 of the act provides for the giving of a notice by the landlord to the officer seizing and removing the goods, within a certain time, of the amount of rent in arrears. How could he give such a notice, if it were impossible to ascertain the amount? Yet if he does not give such notice, it seems that the officer may sell. If it be suggested that this construction would, in cases such as this, work a hardship upon the landlord, the answer is that he can provide against such contingencies in the lease. It follows from this construction that the part in question of the claimant's claim would not have been entitled to any preference under the New Jersey statute as against an execution creditor, and, consequently, that it is not entitled to priority in payment under the Bankruptcy Act.

[4] It remains to consider whether it should have been allowed as a general claim. The answer to this question depends upon whether it was a provable claim in bankruptcy. The referee held that it was not, because, as he considered, it was for "rent to accrue after the filing of the petition in bankruptcy," which he held was not provable, on the authority of Watson v. Merrill, 136 Fed. 359, 69 C. C. A. 185, 69 L. R. A. 719 (C. C. A. 8th Cir.); In re Rubel, 166 Fed. 131 (D. C.

E. D. Wis.); and In re Roth & Appel, 181 Fed. 667, 104 C. C. A. 649, 31 L. R. A. (N. S.) 270 (C. C. A. 2d Cir.). In the first place, it should be noted that the doctrine of those cases has not prevailed in this circuit to its full extent. In re Pittsburgh Drug Co., supra; In re Caloris Mfg. Co., 179 Fed. 722 (D. C. E. D. Pa.); In re Keith-Gara Co., 203 Fed. 585 (D. C. E. D. Pa.), affirmed 213 Fed. 450, 130 C. C. A. 96 (C. C. A. 3d Cir.); In re Quality Shoe Shop, 212 Fed. 321 (D. C. E. D. Pa.).

It is unnecessary here to attempt to define the extent of the doctrine of the cases last cited, because, it seems to me, the claim was not for rent to accrue after the petition in bankruptcy was filed, but was for rent which had accrued up to that time, but which was not then payable and the exact amount of which was not then possible of ascertainment. A claim for taxes and water rents which, under the provisions of a lease, were to be paid as rent, but which had not been assessed at the time of the filing of the bankruptcy petition, was held in the Pittsburgh Drug Co. Case, supra, not to be provable as a general or unsecured claim. This ruling was based on the theory that, as the amount was not fixed and determined until after the filing of the petition, the claim did not constitute a fixed liability at the time of the filing of the petition, within the meaning of section 63a (1) of the Bankruptcy Act. No reference was made to section 63a (4), which Judge McPherson, who decided the other cases in this circuit before cited, and whose decision in the Keith-Gara Co. matter was affirmed by the Circuit Court of Appeals, held authorized the proving of a claim for rent for the part of the term which was unexpired at the time of the filing of the bankruptcy petition. See In re Caloris Mfg. Co., supra.

It will be noted that in the case at bar the amount of the tax had been fixed and determined by the municipal authorities before the claim in question was filed, and the tax may be considered as having been due under the provisions of the lease at that time. The liability of the bankrupt to pay the tax had been fixed by the lease. Thus all that was considered necessary, in the Caloris Mfg. Co. Case, to constitute a provable claim, is present. I think that the reason given for the conclusion before mentioned in the Pittsburgh Drug Co. Case is opposed to the general doctrine of the other cases in this circuit before cited, as well as that of the Circuit Court of Appeals of this circuit in Moch v. Market St. Nat. Bank, 107 Fed. 897, 47 C. C. A. 49. It is clear from those cases that the test as to whether a claim is provable under section 63a (4) does not depend upon whether the amount was fixed and determined at the time of the filing of the petition. I think therefore that the part of the claimant's claim in question was a provable debt, and, if in other respects proper, should be allowed as a general claim.

The referee's order will, accordingly, be affirmed in so far as it denies priority to this part of the claim, but will be reversed in so far as it disallows it as a general claim, with instructions to allow it as such, if in other respects proper.