In re GERROW.

(District Court, E. D. Pennsylvania. June 29, 1916.)

No. 4378.

1. BANKRUPTCY ⏀345—LIENS—DISTRAINT BY LANDLORD FOR RENT—LIEN OBTAINED.

Where, after levy on the bankrupt's goods, which were in rented premises, and before the filing of the petition in bankruptcy, the landlord distrained the same goods for rent, the landlord, while he did not acquire a lien, was, under Act Pa. June 16, 1836 (P. L. 777) § 83, entitled to priority as to his claim for rent over the general creditors, and such priority prevails in the subsequent bankruptcy proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 531, 532, 534, 539, 540; Dec. Dig. ⏀345.]

2. BANKRUPTCY ⏀353—MARSHALING ASSETS AND SECURITIES—FUNDS—DISTRIBUTION.

Where, on bankruptcy, wage-earners had priority as to all assets realized, while the landlord had priority only as to the proceeds from sale of goods on the demised premises, and the two claims exceeded the whole of the assets, claims of the wage-earners should first be satisfied out of those assets as to which the landlord had no lien, and should not in the first instance be prorated between the several funds, so that, after satisfaction of their claims, a surplus with respect to book accounts would be left subject to the claims of general creditors, while the landlord's priority would be largely defeated.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 541–544; Dec. Dig. ⏀353.]

In Bankruptcy. In the matter of the bankruptcy of John Gerrow. On certificate of referee concerning claim for rent. Referee's order reversed, and distribution directed.

Julius C. Levi, of Philadelphia, Pa., for trustee.

Henry A. Hoefler, of Philadelphia, Pa., for landlords.

McPHERSON, Circuit Judge. The bankrupt carried on business in a rented building. On April 11, 1912, when the creditors' petition was filed, his goods on the premises had for several days at least been under levy by the sheriff. Moreover, on April 10 the landlords had distrained for rent upon the same goods, although, of course, the distraint was of no effect, as the property was then in the hands of the law.

[1] Nevertheless, the Pennsylvania act of 1836 (P. L. 777, § 83) preserved the priority of the claim (Longstreth v. Pennock, 20 Wall. [87 U. S.] 575, 22 L. Ed. 451; Re Gerson [D. C.] 8 Pa. Dist. R. 277; Re West Side Paper Co. [C. C. A. 3d] 162 Fed. 110, 89 C. C. A. 110, 15 Ann. Cas. 384; Re Keith-Gara Co. [C. C. A. 3d] 213 Fed. 450, 130 C. C. A. 96; Re Kuhn Co. [C. C. A. 3d] 225 Fed. 15, 140 C. C. A. 473; Re Hayward, 130 Fed. 720); and, although the distraint gave no lien, the statute would have preferred the claim over the execution creditors in distributing the proceeds of the sheriff's sale. On April 15 the District Court restrained the execution creditors and the landlords, preserving such claims as they might respectively have upon

⏀For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the fund to be realized from the sale of the goods, and directed the sale to be made by a receiver. About $4,000 was thus obtained, and afterward the receiver collected book accounts amounting to about $1,000. When these two funds came to be distributed by the referee, their respective totals were reduced by allowances now undisputed to about $2,300 and $800. To these balances there were three classes of claimants—wage-earners, the landlords, and general creditors—and the referee distributed the money in accordance with the following paragraph from his opinion:

"We now have two funds for distribution, the first or landlords' fund, amounting to $2,297.21, and the second or book account fund, amounting to $802.04. As against these two funds the claims of the wage-earners have priority. The landlords contend that they should be paid in full out of the assets of the estate before the payment of any of the wage claims; the trustee in bankruptcy maintains that inasmuch as the claims for wages are entitled to priority over the landlords' claim, both under the law of Pennsylvania and under the Bankruptcy Law, the assets of the estate not subject to the bankrupt's (landlords'?) claim should not be solely chargeable with the payment of the claims for wages, but that the same should be apportioned as against the two funds now in the hands of the trustee, who has succeeded the receiver as the custodian of the assets. I am of the opinion that the contention of the trustee is sound, and that distribution should be made accordingly. The claims for wages certainly have priority over the claim of the landlords. Had the assets been sold by the sheriff, the wages would have been paid out of the fund in his hands prior to any payment to the landlords. The landlords' levy at the time when the goods were in the hands of the sheriff gave them no lien, and secured to them no priority which would now entitle them to rights higher than those of the wage claimants. The fund to which they must look for payment of their claim as a claim entitled to priority of payment out of the bankrupt's assets is also subject to the priority claim of the wage-earners, and the latter are first in the order of priority. It is true that the other assets of the bankrupt estate, to wit, the fund realized from the collection of the book accounts, are also subject to the priority claim of the wage-earners, and are not subject to the priority claim of the landlords, but under the facts as above it would be manifestly inequitable to charge the wage claims against the book accounts and discharge the fund realized from the tangible assets entirely from their payment. * * * I am disposed, therefore, to apply the same method of apportionment in this instance as in the apportionment of the costs, etc. The amount of the wage claims is $1,559.29, and should be paid out of the two funds in the following proportion:.

As against the landlords' fund being the balance of............$2,297.21
Deduct three-fourths of the claim of wages, amounting to........ 1,169.46

Leaving a net balance on account of landlords' fund of.........$1,127.75

As against the balance of the fund from book accounts as above..$802.04
Deduct one-fourth of the amount of the wage claims, amounting to 389.83

Leaving a net balance of the book account fund of...............$412.21"

[2] This net balance of $412.21 was awarded to the general creditors, among whom the landlords were allowed to participate on the basis of the amount of their claim still unpaid. They complain of the referee's plan of distribution, and contend that the whole of the two funds should have been divided among the wage-earners and themselves—the book accounts going to the wage-earners (whose claim is paramount upon both funds), and the other fund going then to the balance of the wage claims, and afterward to the claim for rent..

In my opinion this position is correct. The wage-earners are preferred on both funds, while the landlords are preferred to the general creditors, but preferred on the larger fund only. As the rent and the wages are sufficient to exhaust both funds, the only question to be decided by the referee was how the funds should be marshaled between these two classes. Here I think the rule is well-settled: The wages had a paramount lien on two funds, while the claim of the rent could only be paid out of one; equitably, therefore, the wages must first exhaust the book accounts, and take the balance only out of the other fund. On what was left, the rent was the first claim under the Pennsylvania statute, and as this claim was larger than the remainder nothing could be awarded to other creditors.

The referee's order of June 4, 1914, is reversed, and distribution is hereby directed in accordance with this opinion.

---

⊚═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes